**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **LUCENT TECHNOLOGIES INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | ) | **No. 04-1511C**<br>**(Judge Braden)** |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A, ¶ III, of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, Lucent Technologies Inc. ("Lucent"), and defendant, the United States of America (the "Government") (referred to collectively as "the parties"), submit the following Joint Preliminary Status Report ("JPSR").

## I. JURISDICTION

### A. Lucent's Statement

Lucent's position is that the Court has jurisdiction over all issues raised by Lucent's complaint pursuant to the Contracts Disputes Act of 1978 ("CDA"), 41 U.S.C. § 609(a)(1) and 28 U.S.C. § 1491(a)(1) and (2). Lucent does not contest the Court's jurisdiction over the Government's counterclaim.

### B. Government's Statement

The Government's position is that this Court does not possess subject matter jurisdiction to rule upon Lucent's September 30, 2003 claim relating to post-retirement benefit ("PRB") liabilities, because that claim was never the subject of a final decision by the Government's contracting officer, by deemed denial or otherwise. *See* Defendant's Answer and Counterclaim, Second Defense, at 17. The Government has otherwise identified no reason to question the subject matter jurisdiction of this Court and believes that this Court possesses jurisdiction over the Government's counterclaim.

## II. CONSOLIDATION

The parties agree that this case should not be consolidated with any other case currently pending before the Court.

## III. BIFURCATION OF LIABILITY AND DAMAGES

At present, the parties agree that, if the case proceeds to trial, the issues of liability and damages should be tried together.

## IV. DEFERRAL OF PROCEEDINGS

The parties agree that this case should not be deferred pending consideration of any other case before this Court or any other tribunal.

## V. REMAND OR SUSPENSION

Neither party currently seeks remand or suspension.

## VI. JOINDER

Neither party intends to join additional parties at this time.

## VII. DISPOSITIVE MOTIONS

### A. Lucent's Statement

Lucent currently believes that a motion for summary judgment under RCFC 56 regarding the closure of a segment under the applicable Cost Accounting Standards ("CAS") (48 C.F.R. § 9904.413-30(a)(2))) likely will be appropriate and will file such a motion no later than June 15, 2005.

### B. Government's Statement

The Government believes that, after a reasonable opportunity to take discovery regarding the facts relating to Lucent's sale of its Advanced Technology Systems ("ATS") segment to General Dynamics ("GD") (the "ATS Sale Transaction"), the question whether the ATS Sale Transaction constituted a segment closing under Cost Accounting Standard ("CAS") 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12), may be amenable to resolution upon a motion, or cross-motions, for summary judgment.

## VIII. RELEVANT FACTUAL AND LEGAL ISSUES

### A. Lucent's Statement

On October 1, 1997, Lucent and GD entered into an Agreement for the Purchase and Sale of Assets (the "Transaction"), in which Lucent sold to GD certain assets relating to its Advanced Technology Systems unit. The Government contends that the Transaction constituted a "segment closure" under 48 C.F.R. § 9904.413-50(c)(12), entitling the Government to recover $44,442,475, inclusive of interest, under the terms of that provision. 48 C.F.R. § 9904.413-50(c)(12) provides that upon a segment closure, the contractor is liable to the Government for a proportionate amount of the excess of pension assets over pension liabilities as of the date of closure.

It is Lucent's position that no segment closure occurred, precluding any Lucent obligation under 48 C.F.R. § 9904.413-50(c)(12). Moreover, even if a segment closure were to have occurred, 48 C.F.R. § 904.413-50(c)(12) specifies how to measure the Government's entitlement in the amount by which pension assets exceeded pension liabilities as of the segment closure. The Government, however, measured its claimed entitlement improperly and is entitled, assuming that a segment closure did occur, to receive significantly less than the claimed amount.

Regarding the Government's counterclaim, the Government is not entitled to recovery because no segment closure occurred. Moreover, even assuming a segment closure were to have occurred, the Government must prove at trial entitlement to recover an amount measured properly under 48 C.F.R. § 9904.413-50(c)(12).

### B. Government's Position

At this point, the Government believes that the relevant factual and legal issues are as follows:

1. Whether the October 1, 1997 ATS Sale Transaction (*i.e.*, Lucent's sale of its ATS segment) constituted a segment closing under the applicable Cost Accounting Standard (CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12))?

2. If so, what is the amount of segment-closing adjustment that Lucent is required to make under CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12)? Specifically:

a. What was the market value of the pension assets allocated to the ATS segment as of the date of the segment closing?

b. What was the amount of the ATS segment's actuarial accrued liability as of the date of the segment closing?

c. What was the "adjustment amount" under CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12), *i.e.*, the difference between the market value of the ATS segment's allocated pension assets and its actuarial accrued liability as of the date of the segment closing?

d. What is the Government's share of the adjustment amount, *i.e.*, the fraction calculated under CAS 413.50(c)(12)(vi), 48 C.F.R. § 9904.413-50(c)(12)?

## IX. LIKELIHOOD OF SETTLEMENT

The parties' current positions regarding whether a segment closure occurred and entitlement exists are significantly divergent. The parties anticipate holding settlement discussions as the case proceeds, as appropriate.

## X. TRIAL

Neither party requests expedited trial scheduling at this time. Both parties anticipate proceeding to trial unless the case is earlier resolved by settlement or dispositive motion.

## XI. ELECTRONIC CASE MANAGEMENT NEEDS

The parties are not currently aware of any special issues regarding electronic case management needs.

## XII. OTHER INFORMATION

The parties are not aware of any information of which the Court should be aware at this time, except as follows.

### A. Government's Position

Because of the direct relationship between this case and *AT&T Corp. v. United States,*

No. 03-2258 (filed September 29, 2003), and *AT&T Corp. v. United States*, No. 04-1512 (filed September 29, 2004, the same day that this case was filed), the Government intends to file a Notice of Directly-Related Case and a motion under RCFC 40.2(a) to transfer this case (the *Lucent* case) to Judge Lettow. The Government believes that this is appropriate because Judge Lettow is currently handling both of the *AT&T* cases, and all three cases (*Lucent* and the two *AT&T* cases) involve, in whole or in part, the same transactions. It is in the interests of judicial economy that all three of these complex cases be handled by the same Judge, not two separate Judges. The Government intends to file its Notice and motion to transfer on or before May 6, 2005.

**B. Lucent's Position**

It is Lucent's position that there is no direct relationship between *AT&T Corp v. United States*, No. 03-2258 and this litigation. *AT&T Corp v. United States*, No. 04-1512 is directly related to this litigation because the Government has asserted the same claims against AT&T that it has asserted against Lucent and that are pending before this court. While there is some limited factual overlap between *AT&T Corp. v. Unites States*, No. 03-2258 and the Government claims against Lucent in the litigation before this court and against AT&T in *AT&T Corp. v. United States*, No. 04-1512, the overlap relates only to background facts for this litigation, leaving substantial factual differences and an entire set of different legal issues to be resolved in the litigation before this court. Thus, judicial efficiency supports leaving *AT&T Corp. v. United States*, No. 03-2258 before Judge Lettow and transferring AT&T Corp. v. United States, No. 04-1512 to this court for consolidation with the Lucent appeal.

## XIII. PROPOSED DISCOVERY PLAN

**A. Lucent's Position**

Lucent's position is that no discovery is required until after this Court has ruled on Lucent's motion for summary judgment because this motion will be dispositive of the Government's claims if this court were to grant Lucent's motion. In any event, Lucent believes

that the Government's proposed discovery plan is premature until the Government has received Lucent's motion, at which time the Government may request discovery under Rule 56(f) as it believes appropriate. Should the Government make such a request and the court grant it, it would then be appropriate for the court to establish a discovery plan.

**B. <u>Government's Position</u>**

As previously stated, the Government believes it will need a reasonable opportunity to take discovery regarding the facts of the ATS Sale Transaction before any party should be permitted to file a motion for summary judgment regarding whether the ATS Sale Transaction constituted a segment closing under CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12). Therefore, the Government proposes a discovery period of four months within which it would be permitted to take discovery regarding the facts of the ATS Sale Transaction, beginning upon the date that the Court enters a scheduling order. At the end of this period, Lucent could file its motion for summary judgment. In response, the Government would either file a cross-motion for partial summary judgment (to establish that the ATS Sale Transaction constituted a segment closing), or file its opposition to Lucent's summary judgment motion in accordance with the Rules of this Court.

Because of the complexities of the issues involved, the Government requests that it be allowed approximately sixty days within which to file its response to Lucent's motion, and would not oppose a request by Lucent that it, too, be given sixty days within which to respond to the Government's cross-motion or opposition. Therefore, the Government proposes the following schedule (assuming that the Court enters a scheduling order on or about May 13, 2005):

| | |
|---|---|
| September 13, 2005 | The Government to complete discovery regarding the ATS Sale Transaction; Lucent to file its motion for summary judgment on the question whether the ATS Sale Transaction constituted a segment closing under CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12). |
| November 11, 2005 | The Government to file its cross-motion or opposition |

| | |
|---|---|
| January 13, 2006 | Lucent to file its opposition to the Government's cross-motion or its reply in support of its summary judgment motion |
| February 10, 2006 | The Government to file a reply in support of its cross-motion, if one is filed |

Finally, the Government believes that resort to the RCFC 56(f) procedure as Lucent suggests will only, and unnecessarily, delay the commencement of the discovery that the Government will need regarding the facts of the ATS Sale Transaction in order to respond to Lucent's planned summary judgment motion.

Respectfully submitted this 2nd day of May,

PETER D. KEISLER
Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Deputy Director

s/ Thomas A. Lemmer
THOMAS A. LEMMER
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, Colorado
(303) 634-4000
FAX: (303) 634-4400

OF COUNSEL:

Corey R. Sanchez
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200

Michael Garson
Corporate Counsel
Lucent Technologies Inc.
450 Spring Park Place
Herndon, VA 20170-5243

ATTORNEYS FOR PLAINTIFF LUCENT TECHNOLOGIES INC.

s/ C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
KENT G. HUNTINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: 202.307.0453
Facsimile: 202.514.7965

OF COUNSEL:
KATHLEEN MALONE
Trial Attorney
Defense Contract Management Agency
495 Summer Street
Boston, MA 02210

ATTORNEYS FOR DEFENDANT, UNITED STATES OF AMERICA

**CERTIFICATE OF FILING**

I hereby certify that on the 2nd day of May, 2005, a copy of the foregoing Joint Preliminary Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ C. Coleman Bird