# Exhibit 11

# Part 1 of 2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **LUCENT TECHNOLOGIES INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 04-1511C** |
| | ) | **(Judge Braden)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

**PARTIES**

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

**JURISDICTION**

3. The allegations contained in paragraph 3 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 4.

5. The allegations contained in paragraph 5 are conclusions of law and plaintiff's characterization of its cause of action, to which no response is required; to the extent that they

may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 are conclusions of law and plaintiff's characterization of its cause of action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. Admits the allegations contained in paragraph 7 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the documents referred to, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the documents referred to, which are the best evidence of their contents, and otherwise denies the remaining allegations contained in paragraph 9.

10. Admits that the Government's contracting officer has not issued a final decision upon plaintiff Lucent Technologies Inc.'s ("Lucent's) September 30, 1993 claim submission. The remaining allegations contained in paragraph 10 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. The allegations contained in paragraph 11 are conclusions of law and plaintiff's characterization of its cause of action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

## PLAINTIFF'S STATEMENT OF THE CASE

### A. Plaintiffs Allegations Regarding Lucent And AT&T Before AT&T's Spin-Off Of Lucent

12. Admits.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Admits the allegations contained in paragraph 14 to the extent supported by the documents referred to, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the documents referred to, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 15.

16. The allegations contained in paragraph 16 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

19. Admits that AT&T Corporation maintained two qualified defined-benefit pension plans, the AT&T Management Pension Plan ("ATTMPP") and the AT&T Pension Plan ("ATTPP"); otherwise denies the remaining allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. The allegations contained in paragraph 20 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. Denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. Admits.

23. Admits the allegations contained in the first sentence of paragraph 23 to the extent supported by the documents referred to, which are the best evidence of their contents; otherwise denies the remaining allegations contained in the first sentence of paragraph 23. Denies the allegations contained in the second sentence of paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Admits the allegations contained in paragraph 24 to the extent supported by the documents referred to, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the documents referred to, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the documents referred to, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the documents referred to, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 27.

28. Admits that on or about September 30, 1996, AT&T distributed to its shareholders of record as of that date all of the shares of Lucent stock that AT&T owned, and otherwise denies the remaining allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Admits the allegations contained in paragraph 29 to the extent supported by the documents referred to, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 29.

30. Admits.

31. Admits.

32. Admits the allegations contained in paragraph 32 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 32.

33. Denies the allegations contained in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34. The allegations contained in paragraph 34 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

35. Admits the allegations contained in paragraph 35 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 36.

37. Admits.

**B. Plaintiff's Allegations Regarding Lucent After The Spin-Off**

38. Admits.

39. Denies the allegations contained in paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth.

40. Denies the allegations contained in paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41. Admits that Lucent submitted a CAS Disclosure Statement for Advanced Technology Systems ("ATS"), dated April 19, 1996, and that Lucent and the Government executed a Negotiated Overhead Rate Agreement for ATS, dated September 17, 1998, documents that are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth.

**C. Plaintiff's Allegations Regarding Asset Sale To General Dynamics ("GD")**

42. Denies the allegations contained in paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth.

43. Admits that Lucent submitted separate CAS Disclosure Statements for ATS and for Integrated Solutions ("IS") on July 15, 1997, documents that are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 43 for lack of knowledge or information sufficient to form a belief as to their truth.

44. Admits the allegations contained in paragraph 44 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining

allegations contained in paragraph 44.

45. Admits the allegations contained in paragraph 45 to the extent supported by the documents referred to, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 45.

46. Admits the allegations contained in paragraph 46 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 46.

47. Denies the allegations contained in paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth.

48. Denies the allegations contained in paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth.

49. Admits.

**D. Plaintiff's Allegations Regarding The "Transfer of Pension And Other PRB Assets And Obligations"**

50. Admits the allegations contained in paragraph 50 to the extent supported by the Agreement for the Purchase and Sale of Assets between Lucent and General Dynamics Corporation ("GD"), dated as of August 20, 1997 ("the Purchase and Sale Agreement"), a document that is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 50.

51. Admits the allegations contained in paragraph 51 to the extent supported by the Purchase and Sale Agreement referred to, which is the best evidence of its contents, and otherwise denies the remaining allegations contained in paragraph 51.

52. The allegations contained in paragraph 52 are conclusions of law and plaintiff's characterization of its cause of action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

53. Admits the allegations contained in paragraph 53 to the extent supported by the Purchase and Sale Agreement referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 53.

54. Admits that certain asserts were transferred from the LTMPP and the LPP to GD pension trusts, and otherwise denies the remaining allegations contained in paragraph 54 for lack or knowledge or information sufficient to form a belief as to their truth.

55. Admits.

56. Admits the allegations contained in paragraph 56 to the extent supported by the Purchase and Sale Agreement referred to, which is the best evidence of its contents, and otherwise denies the remaining allegations contained in paragraph 56.

57. Denies the allegations contained in paragraph 57 for lack or knowledge or information sufficient to form a belief as to their truth.

58. Denies the allegations contained in paragraph 58 for lack of knowledge or information sufficient to form a belief as to their truth.

**E. Plaintiff's Allegations Regarding The Government's Claim**

59. Admits the allegations contained in paragraph 59 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 59.

60. Admits the allegations contained in paragraph 60 to the extent supported by the

document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 60.

61. Admits the allegations contained in paragraph 61 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 61.

62. Admits the allegations contained in paragraph 62 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 62.

63. Admits the allegations contained in paragraph 63 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 63.

64. Denies the allegations contained in paragraph 64 for lack of knowledge or information sufficient to form a belief as to their truth.

**F. Plaintiff's Allegations Regarding Lucent's Claim For PRBs**

65. Admits the allegations contained in paragraph 65 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 65.

66. Admits the allegations contained in paragraph 66 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 66.

67. Denies the allegations contained in paragraph 67 for lack of knowledge or information sufficient to form a belief as to their truth.

68. Denies the allegations contained in paragraph 68 for lack of knowledge or information sufficient to form a belief as to their truth.

69. Admits the allegations contained in paragraph 69 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 69.

70. Admits the allegations contained in paragraph 70 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 70.

71. Admits the allegations contained in paragraph 71 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 71.

72. Admits the allegations contained in paragraph 72 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 72.

**COUNT I**
**(Plaintiff's Claim That Lucent Did Not Close**
**A Segment Under 48 C.F.R. § 9904.413-50(c)(12))**

73. Defendant's responses to paragraphs 1 through 72 of the complaint are incorporated by reference.

74. Admits the allegations contained in paragraph 74 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 74.

75. Admits the allegations contained in paragraph 75 to the extent supported by the

document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 75.

76. Denies the allegation that no Lucent segment was transferred to GD, and denies the remaining allegations contained in the first sentence of paragraph 76 for lack or knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 76 to the extent supported by the document referred to, which is the best evidence of its contents, and otherwise denies the remaining allegations contained in the second sentence of paragraph 76.

77. Denies the allegation that no Lucent segment was transferred to GD, and denies the remaining allegations contained in paragraph 77 for lack or knowledge or information sufficient to form a belief as to their truth.

78. Denies the allegation that no Lucent segment was transferred to GD, and denies the remaining allegations contained in paragraph 78 for lack or knowledge or information sufficient to form a belief as to their truth.

79. Denies the allegation that no Lucent segment was transferred to GD, and denies the remaining allegations contained in paragraph 79 for lack or knowledge or information sufficient to form a belief as to their truth.

80. Denies the allegations contained in paragraph 80 for lack of knowledge or information sufficient to form a belief as to their truth.

81. The allegations contained in paragraph 81 are conclusions of law and plaintiff's characterization of its cause of action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

82. Denies.

83. Denies.

84. The allegations contained in paragraph 84 are plaintiff's description of the declaratory judgment that it requests in this count, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**COUNT II**
**(Plaintiff's Claim That The Government Claim Is Overstated As 48 C.F.R. § 9904.413-50(c)(12) Allows Recovery Of Surplus Only In Which The Government Has Participated And Only Which Is Attributable To Certain Contracts)**

85. Defendant's responses to paragraphs 1 through 84 of the complaint are incorporated by reference.

86. Admits the allegations contained in paragraph 86 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 86.

87. The allegations contained in paragraph 87 are conclusions of law, to which no response is required; to the extent that they are deemed allegations of fact, they are denied.

88. Admits the allegations contained in paragraph 88 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 88.

89. The allegations contained in paragraph 89 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

90. Denies the allegations contained in paragraph 90 for lack of knowledge or information sufficient to form a belief as to their truth.

91. The allegations contained in paragraph 91 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

92. The allegations contained in paragraph 92 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

93. The allegations contained in paragraph 93 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

94. The allegations contained in paragraph 94 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

95. The allegations contained in paragraph 95 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

96. The allegations contained in paragraph 96 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

97. The allegations contained in paragraph 97 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

98. The allegations contained in paragraph 98 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

99. The allegations contained in paragraph 99 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

100. The allegations contained in paragraph 100 are plaintiff's description of the declaratory judgment that it requests in this count, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**COUNT III**

**(Plaintiff's Claim That The Government Has Utilized Incorrect Figures In Calculating The Asserted Segment Closing Adjustment Amount)**

101. Defendant's responses to paragraphs 1 through 100 of the complaint are incorporated by reference.

102. The allegations contained in paragraph 102 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

103. Admits the allegations contained in paragraph 103 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 103.

104. The allegations contained in paragraph 104 constitute plaintiff's characterization of its cause of action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

105. The allegations contained in paragraph 105 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

106. The allegations contained in paragraph 106 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

107. The allegations contained in paragraph 107 are plaintiff's description of the declaratory judgment that it requests in this count, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**COUNT IV**
**(Plaintiff's Claim That The Government Is Not Entitled To Recover Under 48 C.F.R. § 9904.413-50(c)(12) Surplus Attributable To Inactive Personnel)**

108. Defendant's responses to paragraphs 1 through 107 of the complaint are