**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **LUCENT TECHNOLOGIES INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 04-1511C** |
| | ) | **(Judge Braden)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**JOINT MOTION**
**FOR ENLARGEMENT OF TIME**

Pursuant to RCFC 6(b) and 6.1, plaintiff, Lucent Technologies Inc., and defendant, the United States of America, jointly and respectfully request an enlargement of time of 60 days (to and including December 5, 2005), within which defendant may respond to plaintiff's motion for summary judgment, dated August 2, 2005. Absent the requested enlargement, defendant would be required to respond to plaintiff's motion on or before October 6, 2005. *See* Order dated September 16, 2005. This is the second request for an enlargement of time for defendant to respond to plaintiff's motion, the Court having granted defendant's first request for a thirty-day enlargement in the September 16, 2005 Order.

On September 29, 2005, defendant served comprehensive discovery requests upon plaintiff in order to ascertain facts that defendant believed would be necessary to respond to plaintiff's motion for summary judgment. That same day, defendant's counsel contacted plaintiff's counsel (Thomas A. Lemmer, Esq.) stating that defendant intended to file a motion under RCFC 56(f) to defer its obligation to respond to plaintiff's summary judgment motion until after defendant had obtained the discovery that it had requested, and asking Mr. Lemmer to

call to discuss whether plaintiff would agree to the brief continuance that defendant intended to request. On October 3, 2005, plaintiff's counsel stated that plaintiff believed that defendant's discovery requests were broader than needed for defendant to respond to plaintiff's summary judgment motion, and asked defendant's counsel to consider the possibility of narrowing defendant's discovery requests. The parties wish to explore this possibility further, as well as the possibility of narrowing, by agreement, the factual predicate for plaintiff's motion or perhaps even presenting plaintiff's summary judgment motion for decision based upon a set of facts that would be agreed upon by the parties for purposes of the motion.

The parties would like to continue these discussions, and have agreed, subject to the Court's concurrence, that defendant would review its discovery requests in light of plaintiff's motion and, in two weeks (beginning approximately on October 20, 2005), the parties would discuss and attempt to agree upon these matters (the possible narrowing of defendant's discovery requests or of the factual predicate for plaintiff's motion, and the possibility of presenting plaintiff's motion to the Court for decision upon an agreed-upon statement of facts). If the parties are not able to come to agreement within two weeks thereafter (by approximately November 3, 2005), then defendant would proceed to prepare its RCFC 56(f) motion for filing no later than December 5, 2005. If the parties are able to come to an agreement upon these matters, the parties anticipate that they would then assess how long it would take for any agreed-upon discovery to be completed and for defendant to respond to plaintiff's motion on the merits, and then jointly propose a reasonable date for the filing of defendant's response to plaintiff's summary judgment motion. The parties would advise the Court by status report whether or not they had reached an agreement. In either circumstance, unless the Court otherwise directs,

defendant's response to plaintiff's motion for summary judgment would be due 45 days after (i) the end of any discovery period or (ii) the Court's denial of defendant's RCFC 56(f) motion.

The parties agree that plaintiff's obligation to respond to defendant's discovery requests would be suspended pending the outcome of their discussions. If the parties are not able to reach agreement in those discussions, unless the Court otherwise directs, plaintiff either would file a motion for a protective order and response to defendant's RCFC 56(f) motion no later than December 15, 2005, or respond to defendant's discovery by January 16, 2006. If plaintiff files a motion for a protective order, and the Court denies plaintiff's motion, plaintiff will serve its discovery responses within 60 days of the Court's order.

The parties believe that this approach has a reasonable prospect of resulting in an agreed-upon procedure for the resolution of plaintiff's summary judgment motion, a procedure that would avoid the Court's having to become involved in the resolution of unnecessary discovery disputes and might well expedite the early determination of plaintiff's motion.

For the foregoing reasons, the parties respectfully request that the Court enter an Order granting the requested enlargement of time.

Respectfully submitted,

s/ Thomas A. Lemmer
THOMAS A. LEMMER
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, Colorado 80202
Telephone: (303) 634-4000
Facsimile: (303) 634-4400

Corey R. Sanchez
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, Colorado 80202

Michael Garson
Corporate Counsel
Lucent Technologies Inc.
8000 Towers Crescent Drive, Suite 400
Vienna, VA 22182

Attorneys for Plaintiff Lucent Technologies Inc.

Dated: October 6, 2005

PETER D. KEISLER
Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Deputy Director

s/ C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: 202.307.0453
Facsimile: 202.514.7965

OF COUNSEL:

KATHLEEN MALONE
Trial Attorney
Defense Contract Management Agency
495 Summer Street
Boston, MA 02210

Attorneys for Defendant United States

**CERTIFICATE OF FILING**

I hereby certify that on the 6th day of October, 2005, a copy of the foregoing Joint Motion for an Enlargement of Time was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ C. Coleman Bird