**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC.<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>Defendant. | Case No. 04-1511C<br>(Judge Braden) |

## PLAINTIFF'S POSITION REGARDING CONSOLIDATION

Pursuant to an order dated November 1, 2005, this Court provided Lucent an opportunity to state its position regarding whether it is appropriate to consolidate: (1) *AT&T Corp. v. United States*, No. 03-2258C ("*AT&T I*") with *Lucent Technologies Inc. v. United States*, No. 04-1511C ("*Lucent*"); and (2) *AT&T Corp. v. United States*, No. 04-1512C ("*AT&T II*") with *Lucent*.

Lucent does not object to the consolidation of *AT&T II* with *Lucent.*[1] For the reasons stated below, however, Lucent believes it would be inappropriate to consolidate *AT&T I* with *Lucent* because the factual and legal issues are materially different and the current procedural posture of these cases is sufficiently different so that the likely delay and confusion resulting from consolidation would outweigh any judicial economy.

---

1 Lucent does not object to the consolidation of *AT&T II* with *Lucent* provided, however, that such consolidation will not lead to the eventual consolidation of *AT&T I* with *Lucent*.

## ARGUMENT

### I. CONSOLIDATION IS DISCRETIONARY BASED UPON THE RESULTS OF APPLYING A TWO PART TEST

The legal framework of case consolidation establishes a two-part test for determining the appropriateness of case consolidation. Rule 42 of the Rules of the United States Court of Federal Claims ("RCFC") states, in part:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

RCFC 42(a) (emphasis added). Thus, if there is a common question of law or fact, the Court may exercise its discretion and consolidate cases. Relevant cases establish that the Court's exercise of discretion should reflect the resolution of a two-part test.

First, the Court should inquire whether a claim is based upon "a common question of law or fact." *Id.*; *Mutual Life Ins. Co. v. Hillmon,* 145 U.S. 285, 286 (1892). According to the decisional law of this Court, this requires that the claims be based upon the "same operative facts." *Blinderman Constr. Co. v. United States*, 39 Fed. Cl. 529 (1997); *see also Entergy Nuclear Indian Point 2, LLC v. United States*, 62 Fed. Cl. 798, 802-04 (2004). Even when the same operative fact test has been met, consolidation nevertheless is improper if it were to align a party in a portion of the litigation with other parties with whom it might have a conflicting interest in other portions of the consolidated litigation. *See Dupont v. S. Pac. Co.,* 366 F.2d 193 (5th Cir. 1966) (error to consolidate cases involving action brought by survivors of deceased automobile

passengers against railroad with case involving survivor of deceased driver against railroad).

Second, the Court should inquire whether consolidation will lead to overall judicial economy. *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-497 (1933). Accordingly, the Court should consider whether consolidation is appropriate after weighing the interest of judicial economy against the potential for delay, confusion and prejudice. *Manhattan Constr. Co., v. United States,* 66 Fed. Cl. 299 (2005) (inappropriate to consolidate claims brought by two subcontractors under same prime contract). Accordingly, RCFC 42 does not require that all "similar" cases be tried together. It merely permits consolidation when there is an issue involving the same law or operative facts and the Court finds that consolidation will result in overall judicial economy.

## II. THE RELEVANT TWO PART TEST ESTABLISHES THAT THE COURT SHOULD NOT CONSOLIDATE *AT&T I* WITH *LUCENT*

The Court should not consolidate *AT&T I* with *Lucent* because these cases involve different facts and legal issues and the procedural posture of these two cases is now very different.

### A. *Lucent* and *AT&T I* Involve Different Facts and Legal Issues, Rendering Consolidation Inappropriate

As described below, the facts and legal issues involved in *Lucent* are materially different from those involved in *AT&T I*. Thus, consolidation is inappropriate.

**1. *Lucent* Involves Different Operative Facts Than A*T&T I***

The claims involved in *AT&T I* and *Lucent* are not based upon the same operative facts because each case relates to different transactions that were executed more than a year apart. Specifically, the transaction in *AT&T I* involves the spin-off of a business unit that occurred as a result of AT&T executing a separation and distribution agreement, dated February 1, 1996, which lead to an initial public offering and subsequent distribution of stock to shareholders of AT&T on September 30, 1996. In contrast, the transaction in *Lucent* involves the sale of some of Lucent's assets to General Dynamic Corporation ("GD") pursuant to an asset purchase agreement, executed August 20, 1997. The factual differences that result from the different nature of these transactions are material as underscored by the fact that these differences have lead, as discussed below, to different legal issues in the two cases.

The difference in operative facts is shown further by the fact that the government issued separate final decisions relating to its alleged rights because of the separate transactions involving *AT&T I* and *Lucent*. Specifically, the final decision in *AT&T I* was issued on September 30, 2002, and it asserts that AT&T owes the government approximately $7 million, based upon the facts of that transaction and the pension assets and liabilities existing when AT&T spun-off Lucent. On the other hand, the final decision in *Lucent* was issued on September 30, 2003, and it asserts that Lucent owes the government approximately $44 million, based upon the facts of that transaction and the pension assets and liabilities existing when Lucent sold certain assets to GD.

The simple fact that the quantum demanded in these final decisions is different establishes that the same operative facts are not involved. *See Placeway Constr. Corp. v. United States*, 920 F.2d 903, 907 (Fed. Cir. 1990) (claims have different operative facts where quanta are different); *Case, Inc. v. United States*, 88 F.3d 1004, 1008-1010 (Fed. Cir. 1996) (no "mirror image" where claims relating to same contract arose from different events, alleged different grounds for recovery, and sought different amounts). Moreover, these quantum differences create the possibility that AT&T and Lucent might have material differences of position on quantum issues as these cases mature. *See Dupont, supra.* (error to consolidate parties with differing positions). For example, AT&T stated in its Joint Preliminary Status Report ("JPSR") filed May 18, 2005 in *AT&T II* that: "AT&T had no involvement in [the sale of assets from Lucent to GD] or any determination concerning pension assets or liabilities connected with the transaction. Consequently, there is no basis, under law or fact, through which the Government can impose liability upon AT&T related to the October 1, 1997 sale to General Dynamics. . . " *AT&T II* JPSR at VIII.A., p. 4.[2]

The differences in operative facts just described are not rendered immaterial by the fact that some of the contracts Lucent sold to GD were contracts that AT&T transferred to Lucent when AT&T spun-off Lucent. This overlap exists because AT&T transferred

---

2 Importantly, in their Joint Status Report dated March 18, 2005 in *AT&T I*, the parties agreed "that this case should not be consolidated with any other case currently pending before the Court." *AT&T I* Joint Status Report at II., p. 2. *See Cienega Gardens v. United States*, 62 Fed. Cl. 28, 31-32 (2004) (the court should take the positions of the parties into account in its analysis).

hundreds of contracts to Lucent and Lucent transferred a small portion of these contracts to GD. This overlap of contracts is not dispositive, however, of the issue to consolidate. *See Manhattan Constr., supra* (no consolidation of cases brought under same prime contract). Accordingly, the facts underlying *Lucent* and *AT&T I* are materially different, rendering consolidation inappropriate.

### 2. *Lucent* Raises Legal Issues Not Addressed in *AT&T I*, Including Whether a Segment Closure Occurred and Whether Lucent is Entitled to Recover Post Retirement Benefit Costs

*Lucent* raises two significant legal questions not raised in *AT&T I*, which, in part, are a result of the different facts discussed above. First, and foremost, Lucent has raised the issue of whether a segment closure occurred. This threshold legal question is the basis for Lucent's motion for summary judgment currently pending before this Court. The question is significant in that, should Lucent prevail on its motion for summary judgment, then the government has no claim against Lucent under CAS 413 and the litigation would end. *See* 48 C.F.R. § 9904.413. *AT&T I* does not involve this same significant legal question.

Second, *Lucent* also involves the legal question of whether the government should reimburse Lucent for costs incurred under its government contracts relating to Post Retirement Benefits ("PRBs"). This is a legally significant issue because it relates to whether the government has liability regarding deferred and unfunded PRB costs existing as of the date of the alleged segment closure. *AT&T I* does not include the legal question of whether AT&T is entitled to costs relating to PRBs. Thus, *Lucent* involves two legal questions that distinguish it from *AT&T I*, rendering consolidation inappropriate.

**B. The Procedural Postures of *Lucent* and *AT&T I* Are Materially Different, Rendering Consolidation Inappropriate**

The differences in the facts and legal considerations in *Lucent* and *AT&T I* have placed these cases in different procedural postures. Most notably, as Lucent understands the posture of *AT&T I*, *AT&T I* is already at the point in the litigation of determining the quantum of the governments entitlement (because segment closure is not an issue) and discovery is on-going on that issue. In *Lucent*, however, the threshold legal question of whether the government has entitlement because a segment closed remains to be decided pursuant to Lucent's pending motion for summary judgment. Lucent also has pending a separate motion to stay discovery, which has been suspended as a result of the parties' negotiations regarding how best to address Lucent's pending motion for summary judgment. Thus, whether discovery will be required in *Lucent* remains to be decided. Moreover, even if discovery on segment closure issues were to occur in *Lucent*, it likely will occur before any discovery on quantum issues. Finally, regarding quantum discovery, the quantum involved in *Lucent* is far greater than that involved in *AT&T* and the transactions in the two cases involve two different companies and entirely different claims, as explained above, imposing upon the parties very different discovery requirements.

The result of the above is that consolidation would bring together two cases that are on very different procedural paths. Thus, the consolidation of *Lucent* with *AT&T I* would cause confusion and delay and, therefore, would not serve judicial economy, rendering consolidation inappropriate.

## III. CONCLUSION

*Lucent* and *AT&T I* each involve materially different facts and legal issues. Moreover their procedural postures are very different. For each of these reasons, consolidating *AT&T I* with *Lucent* would be inappropriate.

Respectfully submitted this 21st day of November, 2005.

s/Thomas A. Lemmer
Thomas A. Lemmer
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, Colorado 80202
(303) 634-4000
FAX: (303) 634-4400

ATTORNEY FOR PLAINTIFF LUCENT TECHNOLOGIES INC.

OF COUNSEL:

Corey R. Sanchez
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, Colorado 80202

Michael Garson
Lucent Technologies Inc.
8000 Towers Crescent Drive, Suite 400
Vienna, VA 22182

DN:32111447.3