# In the United States Court of Federal Claims

No. 04-1511C
Filed January 31, 2006
**TO BE PUBLISHED**

| | | |
|---|---|---|
| LUCENT TECHNOLOGIES INC., | * | |
| Plaintiff, | * | Consolidation; RCFC 42(a). |
| v. | * | |
| THE UNITED STATES, | * | |
| Defendant. | * | |

**Thomas Antoine Lemmer**, McKenna, Long & Aldridge, LLP, Denver, CO, counsel for plaintiff.

**Charles Coleman Bird**, Washington, D.C., United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., counsel for defendant,

## MEMORANDUM OPINION AND ORDER

**Braden, *Judge***

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

On May 6, 2005, the Government filed a Motion to Transfer and Suggestion of the Appropriateness of Consolidation ("Gov't Mot."), requesting the transfer of *Lucent Technologies Inc.* v. *United States* ("*Lucent*"), No. 04-1511C, from the undersigned judge to the Honorable Charles F. Lettow, because *Lucent* is "directly related," within the meaning of RCFC 40.2(a), to two cases that then were pending before Judge Lettow, and, therefore, "[A]ll three cases . . . should be handled by a single Judge in order to 'conserve judicial resources and promote an efficient determination of these actions.'" *See* Gov't Mot. at 1 (quoting RCFC 40.2(a)(4)); *see also AT&T Corp.* v. *United States*, 03-2258C ("*AT&T I*") and *AT&T Corp.* v. *United States* ("*AT&T II*"), 04-1512C. The Government's motion also requested that *Lucent* and *AT&T II* be consolidated, pursuant to RCFC 42(a).

On May 18, 2005, Plaintiff filed a Response to Government's Motion advising the court that the Plaintiff did not object to the transfer of *Lucent* to Judge Lettow, or, in the alternative, the

transfer of *AT&T I* and *AT&T II* to the undersigned judge, assuming the Government would not seek to consolidate *AT&T I* with *Lucent.* Since the issue of consolidation was premature before the Government's Motion to Transfer was resolved, Plaintiff did not address the substantive merits of consolidation, but requested an opportunity to do so when the issue became ripe.

On October 13, 2005, Judge Lettow granted the Government's Motion to Transfer and Suggestion of the Appropriateness of Consolidation, in part, and transferred *AT&T I* and *AT&T II* to the undersigned judge, without ruling whether the cases should be consolidated. *See* Order Reassigning Case, Oct. 13, 2005. On November 1, 2005, the undersigned judge ordered Plaintiff to file a response addressing the Government's request that *Lucent* and *AT&T II* be consolidated. In addition, the court ordered the Plaintiff to address whether *AT&T I* should be consolidated with *Lucent*.

On November 21, 2005, in all three cases AT&T filed an identical Response to the Government's Motion ("AT&T Resp.") agreeing that *Lucent* and *AT&T II* should be consolidated, but opposing the consolidation of *Lucent* or *AT&T II* with *AT&T I.* On November 21, 2005, Lucent Technologies, Inc., filed a Response to the Government's Motion ("Lucent Resp.") supporting consolidation of *Lucent* and *AT&T II*, but arguing that it would not be appropriate for either *Lucent* or *AT&T II* to be consolidated with *AT&T I.* On December 12, 2005, the Government filed a Reply arguing that *AT&T II* and *Lucent* should be consolidated in the interest of judicial economy, but not with *AT&T I.*

## DISCUSSION

### A. Standard Of Decision On Motion For Consolidation Pursuant To RCFC 42(a).

Rule 42(a) of the United States Court of Federal Claims provides:

> When *actions involving a common question of law or fact* are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it *may* order all the actions consolidated; and it may make such orders concerning proceedings therein as may *tend to avoid unnecessary costs or delay*.

RCFC 42(a) (emphasis added).

It is within the Court's "broad discretion" to order consolidation of cases. *See Cienaga Gardens* v. *United States*, 62 Fed. Cl. 28, 32 (2004). Two inquiries are required to determine whether consolidation should be granted. First, whether a "common question of law or fact" exists in both cases. *Id.* Second, whether considerations regarding "the interest of judicial economy" outweigh "the potential for delay, confusion and prejudice that may result from consolidation." *Id.*

**B. Resolution Of The Government's Motion To Consolidate**.

The Government argues that consolidation of *AT&T II* and *Lucent* is appropriate because:

> All three cases relate to the application of the same legal standard (CAS 413.50(c)(12)) to the transfer of largely the same operating assets, pension assets, and pension liabilities from one entity to another – in 1996, from AT&T to Lucent as part of the Spin-Off Transaction at issue in No. 03-2258C, and then again, in 1997, from Lucent to [General Dynamics].

Gov't Mot. at 7; *see also* Gov't Reply at 2 ("For the reasons previously stated in Defendant's Motion, we believe that the two later-filed cases (*Lucent* and *AT&T II*) should be consolidated in the interests of promoting judicial efficiency. In that way, all of the parties having an interest in the resolution of the issues in common between these two cases – AT&T, Lucent, and the Government – would be parties to the same action, and issues relating to scheduling, discovery, any motions practice, and the like could be resolved in a single action without the need for coordination with any other case.").

Although the Government did not explain why it was not also seeking consolidation of *AT&T I*, the Government observed that, "the first filed case AT&T I (No. 03-2258C) is somewhat procedurally more advanced than the two later-filed cases." *Id.* at 8; *see also* Gov't Reply at 2 ("By contrast, no party proposes consolidation of the remaining case (*AT&T I*) with either of the other cases. We have not previously sought consolidation of that case with either of the later-filed cases (*Lucent* or *AT&T II*), and do not do so now.").

Plaintiff does not object to the consolidation of *Lucent* and *AT&T II*. *See* AT&T Resp. at 2-3; Lucent Resp. at 1. AT&T, however, argues that consolidation of *AT&T I* is not appropriate:

> None of the considerations justifying consolidation under RCFC 42(a) is [sic] present here. *AT&T I* involves many different factual and legal issues than those involved in *AT&T II* and *Lucent*. *See* Entergy Nuclear Indian Point 2, LLC v. United States, 62 Fed. Cl. 798, 802-04 (2004). There is also not even a risk of inconsistent judgments in the cases because all three cases are before Judge Braden. *See* Karuk Tribe of Calif. v. United States, 27 Fed. Cl. 429, 233, (1993).

AT&T Resp. at 2.

Lucent concurs:

> Lucent believes it would be inappropriate to consolidate *AT&T I* with *Lucent* because the factual and legal issues are materially different and the current procedural posture

of these cases is sufficiently different so that the likely delay and confusion resulting from consolidation would outweigh any judicial economy.

* * *

The claims involved in *AT&T I* and *Lucent* are not based upon the same operative facts because each case relates to different transactions that were executed more than a year apart. Specifically, the transaction in *AT&T I* involves the spin-off of a business unit that occurred as a result of AT&T executing a separation and distribution agreement, dated February 1, 1996, which lead to an initial public offering and subsequent distribution of stock to shareholders of AT&T on September 30, 1996. In contrast, the transaction in *Lucent* involves the sale of some of Lucent's assets to General Dynamic Corporation ("GD") pursuant to an asset purchase agreement, executed August 20, 1997.

* * *

*Lucent* raises two significant legal questions not raised in *AT&T I*, which, in part, are a result of the different facts discussed above. First, and foremost, Lucent has raised the issue of whether a segment closure occurred. This threshold legal question is the basis for Lucent's motion for summary judgment currently pending before this Court. The question is significant in that, should Lucent prevail on its motion for summary judgment, then the government has no claim against Lucent under CAS 413 and the litigation would end. *See* 48 C.F.R. § 9904.413. *AT&T I* does not involve this same significant legal question.

Second, *Lucent* also involves the legal question of whether the government should reimburse Lucent for costs incurred under its government contracts relating to Post Retirement Benefits ("PRBs"). This is a legally significant issue because it relates to whether the government has liability regarding deferred and unfunded PRB costs existing as of the date of the alleged segment closure. *AT&T I* does not include the legal question of whether AT&T is entitled to costs relating to PRBs. Thus, *Lucent* involves two legal questions that distinguish it from *AT&T I*, rendering consolidation inappropriate.

* * *

The differences in the facts and legal considerations in *Lucent* and *AT&T I* have placed these cases in different procedural postures. Most notably, as Lucent understands the posture of *AT&T I*, *AT&T I* is already at the point in the litigation of determining the quantum of the governments entitlement (because segment closure is not an issue) and discovery is on-going on that issue. In *Lucent*, however, the threshold legal question of whether the government has entitlement because a segment closed remains to be decided pursuant to Lucent's pending motion for summary judgment.

Lucent Resp. at 1-7.

Based on the parties' representations, the court has determined that consolidation of *AT&T II* and *Lucent* is appropriate, because both cases involve common questions of law and fact and judicial economies may be achieved. The consolidation of *AT&T I* with *Lucent* and *AT&T II*, however, is not appropriate. First, although in a broad sense *AT&T I* and *Lucent* stem from the same series of transactions, *AT&T I* and *Lucent* do not share common questions of law and fact sufficient to warrant consolidation under RCFC 42(a). Indeed, *Lucent* presents dispositive legal issues that are not present in *AT&T I*. Second, the distinct procedural postures of *AT&T I* and *Lucent* vitiate any judicial economy that might be gained by consolidation. Therefore, consolidation of *AT&T I* fails to meet the requirement of RCFC42(a).

## CONCLUSION

For these reasons, the Government's Motion to Consolidate *Lucent* with *AT&T II* is **GRANTED.** *AT&T I*, however, is not consolidated with *Lucent* and *AT&T II*.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**