**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **LUCENT TECHNOLOGIES INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 04-1511C (Judge Braden)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |
| **AT & T CORP.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 04-1512C (Judge Braden) (Consolidated)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DECLARATION OF C. COLEMAN BIRD**

C. Coleman Bird makes the following declaration under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am a Senior Trial Counsel, Commercial Litigation Branch, in the Civil Division of the United States Department of Justice. I am the attorney of record for defendant United States in *Lucent Technologies Inc. v. United States,* No. 04-1511, and have served in this capacity since this case was filed. I make this Declaration in support of Defendant's Motion for an Order Denying Plaintiff Lucent Technologies Inc.'s Motion for Summary Judgment without Prejudice, or, in the Alternative, Granting a Continuance to Permit Essential Discovery (No. 04-

1511), dated May 15, 2006, to which it is annexed.

2. I have reviewed plaintiff Lucent Technologies Inc.'s Motion for Summary Judgment (Docket No. 18), and Plaintiff's Proposed Findings of Uncontroverted Fact (Docket No. 19), both filed August 2, 2005. I understand that Lucent's motion contends that Lucent's sale of its ATS Division to General Dynamics Corporation, effective October 1, 1997, did not constitute a "segment closing" within the definition of CAS 413.30(a)(20), 48 C.F.R. § 9904.413-30(a)(20) (1996) ("CAS 413.30(a)(20)"), and reserves the right to contend that its ATS Division was not a "segment" as defined in CAS 413.30(a)(19), 48 C.F.R. § 9904.413-30(a)(19) (1996).

3. Lucent's motion rests upon 13 pages of proposed findings of uncontroverted facts, 34 proposed findings in all, that describe in general terms certain business assets of the ATS Division that Lucent retained after the ATS sale, Lucent's use of such assets after the sale to perform certain retained ATS contracts and other Government contracts, and its government contract cost accounting practices relating to pension costs both before and after the ATS sale.

4. Defendant needs to conduct formal discovery to learn the complete facts of the ATS sale transaction and Lucent's subsequent performance of the ATS contracts that it retained in order to develop defendant's case and oppose plaintiff's motion for summary judgment on the issue whether the ATS sale constituted a segment closing under CAS 413.30(a)(20).

5. I have reviewed Defendant's First Set of Interrogatories and Requests for Production of Documents, served September 29, 2005 ("Defendant's Discovery Requests"). These discovery requests are specifically directed at eliciting the complete facts of the ATS sale transaction and Lucent's subsequent performance of the ATS contracts that it retained, including

its treatment of pension costs relating to those contracts.

6. Based upon my review of Defendant's Discovery Requests, I believe that the Government needs full and complete responses to these discovery requests in order for defendant to have a reasonable opportunity to challenge Lucent's factual allegations in support of its motion, and, more importantly, for the Court to have before it all of the relevant facts relating to the ATS transaction, including the specific facts relating to (a) the ATS transaction itself and what contracts, employees, assets, and property interests (real property and intellectual property) Lucent retained and what it transferred in that transaction; (b) Lucent's practices regarding the measurement and allocation of pension cost to the ATS segment's contracts before the ATS transaction and, after that transaction, to the contracts of the ATS segment that Lucent retained; and (c) Lucent's recognition in its own internal documents that the ATS segment no longer existed and had been closed.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 15, 2006.

s/ C. Coleman Bird
C. COLEMAN BIRD