**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC.<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>Defendant. | Case Nos. 04-1511C and 04-1512C<br>(Judge Braden) |
| AT&T CORP.<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>Defendant. | |

**PLAINTIFF LUCENT TECHNOLOGIES INC.'S RESPONSE TO DEFENDANT'S MOTION FOR AN ORDER DENYING PLAINTIFF LUCENT TECHNOLOGIES INC.'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, OR, IN THE ALTERNATIVE, GRANTING A CONTINUANCE TO PERMIT ESSENTIAL DISCOVERY (NO. 04-1511C)**

Thomas A. Lemmer
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, CO 80202
(303) 634-4000
FAX: (303) 634-4400

ATTORNEY FOR PLAINTIFF LUCENT TECHNOLOGIES INC.

OF COUNSEL:

Corey R. Sanchez
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, CO 80202

Michael Garson
Corporate Counsel
Lucent Technologies Inc.
8000 Towers Crescent Drive, Suite 400
Vienna, VA 22182

Dated: June 5, 2006

# TABLE OF CONTENTS

**Pages**


TABLE OF AUTHORITIES ..... ii

APPENDIX TABLE OF CONTENTS ..... iv

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

III. ARGUMENT ..... 4

A. THIS COURT'S PARTICULARIZED STANDARD FOR RELIEF UNDER RULE56(f) ..... 4

1. Defendant's Declaration Fails to Meet this Court's Rule 56(f) Requirements ..... 7

a. Defendant Failed to Explain How the Results of the Requested Discovery are Reasonably Expected to Engender a Genuine Issue of Material Fact ..... 8

b. Defendant Failed to Provide an Adequate Factual Predicate for its Belief that There are Discoverable Facts Sufficient to Raise a Genuine and Material Issue ..... 16

c. The Government Failed to Explain What Information is Available to It and Why It is Inadequate ..... 18

2. Because the Government's Response to Lucent's Motion for Summary Judgment has Failed, the Government is not Entitled to Correct This Failure and the Court Should Proceed to Rule on Lucent's Motion Based on All the Facts Being Undisputed and the Relevant Law ..... 19

IV. CONCLUSION ..... 20

# TABLE OF AUTHORITIES

**Pages**

## Cases

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970) .......... 2

*Brubaker Amusement Co. v. United States*, 304 F.3d 1349 (Fed. Cir. 2002) .......... 6

*Calvin v. United States*, 63 Fed. Cl. 468 (2005) .......... 7

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .......... 19

*First Nat'l Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253 (1968) .......... 6

*Jade Trading, LLC v. United States*, 60 Fed. Cl. 558 (2004) .......... 7

*Keebler Co. v. Murray Bakery Products*, 866 F.2d 1386 (Fed. Cir. 1989) .......... 2

*Opryland USA Inc. v. Great Am. Music Show, Inc.*, 970 F.2d 847 (Fed. Cir. 1992) .......... 5

*Pure Gold Inc. v. Syntex(U.S.A.), Inc.*, 739 F.2d 624 (Fed. Cir. 1984) .......... 5, 17

*Theisen Vending Co. v. United States*, 58 Fed. Cl. 194 (2003) .......... passim

## Statutes

10 U.S.C. § 2306a .......... 12, 13

41 U.S.C. § 422 .......... 12

## Rules

Rule 26 of the Court of Federal Claims .......... 4, 6, 9

Rule 56(f) of the Court of Federal Claims .......... passim

## Treatises

Wright, Miller & Kane, *Fed. Practice & Procedure: Civil 3d* § 2740 (1998) .......... 19

**Pages**

Wright, Miller & Kane, *Fed. Practice & Procedure: Civil 3d* § 2741 (1998) ........ 18

**Regulations**

48 C.F.R. § 15.4 ........ 13

48 C.F.R. § 31 ........ 13

48 C.F.R. § 31.205-6 ........ 13

48 C.F.R. § 52.216-16 ........ 13

48 C.F.R. § 52.216-17 ........ 13

48 C.F.R. § 52.216-7 ........ 13

48 C.F.R. § 52.230-2 ........ 13

48 C.F.R. § 52.232-7 ........ 13

48 C.F.R. § 9904.401 ........ 13

48 C.F.R. § 9904.402 ........ 13

48 C.F.R. § 9904.412 ........ 13

48 C.F.R. § 9904.413.30(a)(20) ........ 3, 10

48 C.F.R.§ 9904.413-50(c)(12) ........ 1, 3, 11

**Other Authorities**

Defense Contract Audit Agency Contract Audit Manual No. 7640.1, § 5-102 (Jan. 2006) ........ 14

## APPENDIX TABLE OF CONTENTS


| Tab | Description |
|---|---|
| 1 | Declaration of Angel S. Marshall |
| 2 | Declaration of Thomas R. Suher |

# I. INTRODUCTION

Plaintiff Lucent Technologies Inc. ("Lucent") opposes "Defendant's Motion for An Order Denying Lucent Technologies Inc.'s Motion for Summary Judgment Without Prejudice, or, in the Alternative, Granting a Continuance to Permit Essential Discovery" ("Government's Rule 56(f) Motion"). The Government's Rule 56(f) Motion seeks substantial discovery under Rule 56(f) of the Rules of the Court of Federal Claims ("Rule 56(f)"). Because the government already has much of the information requested and the government's supporting declaration is inadequate, this Court should deny the Government's Rule 56(f) Motion and decide Lucent's Motion for Summary Judgment, dated August 2, 2005, on the basis of Lucent's Proposed Findings of Uncontroverted Fact ("PFUF").

Essentially, the Government's Rule 56(f) Motion is based upon a motion for summary judgment that Lucent did <u>not</u> file. Lucent's Motion for Summary Judgment argues that a "segment closing," triggering 48 C.F.R.§ 9904.413-50(c)(12), occurs only when a "segment" ceases to exist because all of its contracts subject to the Cost Accounting Standards ("CAS") and related assets necessary to perform such contracts have been transferred. In contrast, the Defendant United States' (the "government") discovery request is based implicitly upon the argument that a "segment closing" occurs when a "material" or "significant" amount of contracts subject to the CAS ("CAS-covered contracts") and related assets have been transferred. While the government might believe that its legal standard is the appropriate legal standard for

defining a "segment closing," and that it is entitled to discovery to support that position, that is not a proper basis for Rule 56(f) discovery.

Rule 56(f) discovery is designed solely to permit discovery of facts that are not available to the non-moving party when there is a reasonable expectation that the discovered facts will give rise to a genuine dispute of fact material to a pending motion for summary judgment. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144-160 (1970); *Keebler Co. v. Murray Bakery Products*, 866 F.2d 1386, 1389-1391 (Fed. Cir. 1989) Because the government's discovery is not aimed at opposing Lucent's pending Motion for Summary Judgment, but is aimed at supporting a government legal position, it is inappropriate under Rule 56(f), for the reasons set forth below.[1]

## II. BACKGROUND

Lucent has performed government contracts, including CAS-covered contracts, since its formation in February 1996. During that period, Lucent also has maintained defined benefit pension plans.

---

1 Should the government file a cross motion for summary judgment based upon its legal theory that "materiality" or "significance" of the transfer determines whether a segment closing occurs or the Court were to hold that this is the proper test in denying Lucent's Motion for Summary Judgment, Lucent disputes that it closed any segment, even under that standard. Should the "materiality" or "significance" test ever come before this Court for a decision based upon the facts, because the Court has denied Lucent's Motion for Summary Judgment on the law, Lucent will establish the facts to show that a significant amount remained with Lucent.

Effective October 1997, Lucent transferred certain assets to General Dynamics Corporation ("GD"), including CAS-covered contracts, tangible and intangible assets and employees ("assets") that had been used by an organization within Lucent then known as the Advanced Technology Systems Division ("ATS"). The assets used by ATS that Lucent transferred to GD did not include all assets that ATS had been using to perform CAS-covered contracts.

The government has asserted that Lucent's transfer of CAS-covered contracts and related assets to GD was a "segment closing," as defined at 48 C.F.R. § 9904.413.30(a)(20), that triggered a Lucent obligation under 48 C.F.R. § 9904.413-50(c)(12) ("CAS 413") to pay to the government a share of the excess of pension assets over liabilities allocable to ATS on the date Lucent transferred assets to GD. Lucent disputes that it has any such obligation, and this appeal resulted.

On August 2, 2005, Lucent filed its Motion for Summary Judgment. This motion asked for summary judgment that no segment closing occurred and, therefore, CAS 413 was not triggered, when Lucent transferred contracts and assets to GD. Lucent's motion argues that, even assuming ATS had been a "segment" at the time Lucent transferred assets to GD (which Lucent concedes only for purposes of its motion), the transfer did not close ATS because Lucent did not transfer <u>all</u> CAS-covered contracts and related assets. Lucent's motion is not predicated on any notion of the materiality or significance of what CAS-covered contracts and related assets Lucent transferred or retained. Lucent's motion argues simply that the test of when a "segment closing" occurs is based

solely on whether all CAS-covered contracts and related assets were transferred and that Lucent did not transfer all CAS-covered contracts and related assets of the segment allegedly closed.

In response to Lucent's motion, the government propounded a discovery request on September 29, 2005. *See* Government's Rule 56(f) Motion, Tab A. Because Lucent believed that the Rule 26 discovery request is inappropriate given Lucent's pending Motion for Summary Judgment under Rule 56, as explained below, Lucent and the government engaged in lengthy negotiations regarding the appropriateness of the government's request. During these negotiations, Lucent offered to provide to the government information relevant to Lucent's motion, but not information relevant to the government's legal theory. Lucent believes that the government possesses that information. The negotiations ultimately proved unproductive because regardless of what Lucent offered, the government always requested more. The government then filed its Rule 56(f) motion in accordance with Court's scheduling order and converted its Rule 26 discovery into Rule 56(f) discovery.

## III. ARGUMENT

Because the government's response to Lucent's Motion for Summary Judgment is inadequate, this Court should rule on Lucent's Motion.

### A. THIS COURT'S PARTICULARIZED STANDARD FOR RELIEF UNDER RULE 56(f)

In response to a motion for summary judgment, the non-moving party may oppose the motion on the law or the existence of a genuine dispute of material fact. *Celotex*

*Corp. v. Catrett,* 477 U.S. 317, 324 (1986). Rule 56(f) permits the non-moving party to delay opposing a motion for summary judgment based a genuine dispute of material fact by establishing that the circumstances justify discovery prior to filing an opposition based upon a genuine dispute of material fact. Specifically, Rule 56(f) states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

RCFC 56(f). The fundamental intent of Rule 56(f) is to balance two competing interests. The first interest is to prevent a party that should not know the facts from being "railroaded" by a motion for summary judgment. *See Opryland USA Inc. v. Great Am. Music Show, Inc.*, 970 F.2d 847 (Fed. Cir. 1992). And the second interest is to prevent unfairly denying a party a right to end a litigation through the application of law to undisputed material facts. *See Pure Gold Inc. v. Syntex (U.S.A.), Inc.*, 739 F.2d 624, 627 (Fed. Cir. 1984).

Rule 56(f) balances these interests by imposing on the non-moving party the burden of proving a right to discovery by establishing through affidavit or declaration the party's inability to present facts essential to opposing the pending motion for summary judgment absent discovery. *See Opryland USA Inc.*, 970 F.2d at 852. Rule 56(f) creates a right, upon making the proper showing of need, to limited discovery that has a reasonable expectation of developing facts "relevant" to the pending motion for summary

judgment. *First Nat'l Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 298 (1968) ("discovery obtainable under Rule 56(f) to oppose a motion for summary judgment would normally be less extensive than the general discovery obtainable under Rule 26"). In other words, Rule 56(f) discovery must concern matters that might create a genuine dispute of fact material to a pending motion for summary judgment. *New Am. Shipbuilders, Inc. v. United States*, 871 F.2d 1077, 1081 (Fed. Cir. 1989).

Because of the importance of balancing the competing interests described above through the non-moving party's meeting its burden of establishing a right to discovery, the failure of the non-moving party to submit an adequate affidavit or declaration requires that a Rule 56(f) motion be denied. *See Brubaker Amusement Co. v. United States*, 304 F.3d 1349, 1361 (Fed. Cir. 2002) (failure to produce evidence supporting Rule 56(f) continuance justifies denial of discovery). Importantly, in assessing whether the non-moving party has met its burden, the arguments of counsel in briefs concerning the need for discovery are not entitled to any weight. *Id.*

*Theisen Vending Co. v. United States*, 58 Fed. Cl. 194, 197 (2003), held that an affidavit or declaration is adequate under Rule 56(f) when it meets all of the following:

> [T]he non-movant must by affidavit and supporting papers: (1) specify the particular factual discovery being sought, (2) explain how the results of the discovery are reasonably expected to engender a genuine issue of material fact, (3) provide an adequate factual predicate for the belief that there are discoverable facts sufficient to raise a genuine and material issue, (4) recite the efforts previously made to obtain those facts, and (5) show good grounds for the failure to have discovered the essential facts sooner.

*Id.* at 198; *see also Jade Trading, LLC v. United States*, 60 Fed. Cl. 558, 565 (2004) (applying the *Theisen* test); *Calvin v. United States*, 63 Fed. Cl. 468, 474 (2005) (same).

In *Theisen*, plaintiff moved for leave to conduct discovery before responding to the government's motion for summary judgment and submitted a declaration purportedly showing the linkage between the discovery sought and plaintiff's position on the government's motion. However, because the declaration failed to provide the required factual predicate for discovery and to explain why plaintiff failed earlier to obtain the information it had requested, the court entered summary judgment for the government. *Theisen*, 58 Fed. Cl. at 199. Accordingly, when a party attempts to deflect a decision on a summary judgment motion without basis, as shown by a deficient affidavit or declaration, it is appropriate for the court to proceed to decide the motion for summary judgment.

This court should follow the reasoning from *Theisen* and decide Lucent's Motion for Summary Judgment based on the PFUF because the government's declaration is inadequate under *Theisen*, as discussed below.

### 1. Defendant's Declaration Fails to Meet this Court's Rule 56(f) Requirements

The declaration supporting the Government's Rule 56(f) Motion fails all but one of the *Theisen* tests and each of these failures is an appropriate ground to deny the Government's Rule 56(f) Motion.

**a. Defendant Failed to Explain How the Results of the Requested Discovery are Reasonably Expected to Engender a Genuine Issue of Material Fact**

The second *Theisen* requirement for an adequate declaration is that the declaration "explain how the results of the discovery are reasonably expected to engender a genuine issue of material fact . . . ."[2] The purpose of this requirement is to keep Rule 56(f) discovery as narrow as possible given the essential basis for the pending motion for summary judgment. For the following reasons, there is no possible construction of the Bird Declaration (*see* Government's Rule 56(f) Motion, Attachment B) that could lead this court to find that the government has explained how the results of the requested discovery are reasonably expected to engender a genuine issue of material fact.

Specifically, the Bird Declaration never once states why discovery would permit the government to place in genuine dispute any facts material to Lucent's motion. This occurs because there is no basis for any such statement. As discussed further below, the government's discovery does not relate to the basis for Lucent's Motion for Summary

---

2 The government's discovery requests which include written interrogatories and requests for production of documents, are the particular discovery requests at issue. *See* Government's Rule 56 (f) Motion, Attachment A. As a result, the first element of the *Theisen* test, specifying "the particular factual discovery being sought", is not at issue. The fact that the government has specified the discovery it seeks does not mean that any particular request is proper, even if the subject matter of the request is appropriate under Rule 56(f). Thus, Lucent reserves its right to object to any particular request, if any, found to be appropriate under Rule 56(f) based upon, among other things, burden, duplication or otherwise oppressive.

Judgment. Moreover, the government's discovery ignores government admissions and information in the government's possession that establish that there is no possible dispute over any fact material to Lucent's Motion for Summary Judgment.

**(i) <u>The Government's Discovery Requests Do Not Relate To Lucent's Motion</u>**

The government's discovery request relates to a motion that the government wishes that Lucent had filed or to a cross-motion that the government would like to file in response to Lucent's Motion. Unfortunately for the government, Rule 56(f) discovery is appropriate only in the context of responding to a pending motion for summary judgment. If the government truly believes that Lucent's motion is legally inappropriate and, therefore justifies discovery on the "appropriate" legal issue, then the government should: (1) defeat Lucent's motion on the law, and not request discovery on irrelevant issues; and (2) then engage in discovery under Rule 26 to permit the government to file a motion under the "appropriate" standard.

Lucent's motion argues that under CAS 413, a "segment closing" occurs when an entire "segment" is closed. Lucent's motion argues further that an entire segment closes only when all of the CAS-covered contracts and related assets necessary to perform CAS-covered contracts are transferred so that CAS-covered contracts or the assets needed to perform retained CAS-covered contracts of the segment are no longer part of the contractor's government business. *See* Lucent's Motion for Summary Judgment at 1, 2, 10, 16 and 21. Finally, Lucent's Motion for Summary Judgment argues that determining whether a segment closing occurred must be determined at the time of the

event that allegedly caused the closure. *See* Lucent's Motion for Summary Judgment at 9, 14, 18, 22, 24. Thus, Lucent's Motion for Summary Judgment requests that the court rule that a segment closing does not occur as a matter of law when less than 100% of the segment's CAS-covered contracts and the assets necessary to perform such contracts have been transferred. This is a quantitative assessment and not a "qualitative," "materiality" or "significance" assessment. *See* Lucent's Motion for Summary Judgment at 16-17.

Lucent's Motion for Summary Judgment then asks that the court apply this legal standard and quantitative assessment to facts regarding what CAS-covered contracts and related assets of the allegedly closed segment were retained as of the time of the transfer. *See* Lucent's Motion for Summary Judgment at 21-24. These facts are comprised of what the allegedly closed segment retained as of the date of transfer. Certain post transfer facts are asserted to confirm what contracts and assets were not transferred.

The Government's Rule 56(f) Motion recognizes initially the essence of Lucent's Motion for Summary Judgment. The Government's Rule 56(f) Motion states:

> The fundamental premise of Lucent's motion is that, (i) because Lucent did not transfer to GD *every* contract, employee, asset, and item of real and intellectual property held by the ATS segment as of the date of sale, and (ii) because Lucent continued to perform the handful of CAS-covered Government contracts that it did retain, the ATS sale did not constitute a segment closing within the definition of CAS 413.30(a)(20), 48 C.F.R. § 9904.413-30(a)(20) (1996) ("CAS 413.30(a)(20)"). *See* Pl. Mot. at 9-10.

Government's Rule 56(f) Motion at 4.

The Government's Rule 56(f) Motion then argues on pages 7 through 11 why its requested discovery is essential for opposing Lucent's motion. It is here that the government's position goes wrong because it is based upon an implicit government legal position regarding the definition of segment closing that is very different from what Lucent's motion argues expressly is the proper legal definition of a segment closing.

Specifically, as described above, Lucent argues that the retention of CAS-covered contracts and the assets to perform these contracts precludes a segment closing. In contrast, the government restates Lucent's argument, arguing:

> No one could seriously contend that a contract or that is selling a business segment could defeat the government's right to a CAS 413.50(c)(12) segment closing adjustment by selling all of the segment's assets, etc., except for a single physical asset (such as a desk or computer), nor do we understand that Lucent is making such a contention. Necessarily, whether a particular transaction meets the CAS 413.30(a)(2)'s definition of a "segment closing" depends upon assessing the significance of what was transferred versus what was retained . . . .

Government's Rule 56(f) Motion at 8 (emphasis added). Thus, the government bases its discovery request on the purported legal requirement that the "significance" or "materiality" of what was transferred and retained must be assessed to determine if segment closing had occurred. *See* Government's Rule 56(f) Motion at 9-11.

For the reasons just discussed, the government's discovery is not based upon Lucent's legal theory, precluding it from being based upon a reasonable expectation that it would result in a genuine issue of fact material to Lucent's Motion for Summary Judgment. At best, the requested discovery might support a government cross-motion for

summary judgment, which the government, of course, is free to file, but that does not prevent the Court from ruling on Lucent's Motion for Summary Judgment.

**(ii) <u>The Government Has Admitted Several Material Facts Regarding What Lucent Retained</u>**

As just explained, Lucent's motion is premised on the fact that Lucent retained CAS-covered contracts and the assets to perform these contracts. As Lucent facts in support of its motion establish, the government admits that Lucent transferred less than 100% of the contracts and related assets of the segment allegedly closed. *See* PFUF Nos. 18, 30 and 31. Thus, discovery regarding these facts is not needed. The Bird Declaration ignores this.

**(iii) <u>The Government Possesses Significant Amounts of the Requested Information Yet it is Unable to Articulate a Single Dispute of Material Fact</u>**

The government has in its possession significant amounts of information that is responsive to its discovery requests. Nevertheless, the Bird Declaration does not assert that any fact Lucent has asserted is in material dispute. Thus, the government has not explained why the results of further discovery could be reasonably expected to create any dispute of material fact.

Specifically, the dispute with Lucent arises in the context of significant statutory and regulatory government control over government contracts. Pricing and cost accounting requirements apply by statute. *See* 10 U.S.C. § 2306a (Truth in Negotiations Act ("TINA")); 41 U.S.C. § 422 (CAS). Regulations expand upon these statutory requirements and create other requirements. These regulations create significant

requirements relating to costs, especially the CAS (*see* 48 C.F.R. Part 99) and the Federal Acquisition Regulation ("FAR") cost principles (*see* 48 C.F.R. Part 31). These regulations related to costs address specifically pension costs. *See e.g.*, 48 C.F.R. § 31.205-6(j) (1995) (FAR § 31.205-6(j), Compensation for Personal Services, Pension Costs); 48 C.F.R. § 9904.412 (CAS 412, Composition and Measurement of Pension Cost); 48 C.F.R. § 9904.413 (CAS 413, Adjustment and Allocation of Pension Costs).

When Lucent submits a proposal, it must, in the absence of an exemption, provide "cost or pricing data" to comply with TINA and must comply with certain CAS requirements. *See* 48 C.F.R. Subpart 15.4 and 48 C.F.R. §§ 9904.401 and .402. Accordingly, Lucent is subject to these statutes and regulations. *See* the attached Declaration of Angel S. Marshall ("Marshall Decl."), ¶¶4-7.

Lucent also has had to report actual incurred costs, including pension costs in annual, certified indirect cost submissions and summaries or forecasts of CAS covered contracts. Marshall Decl., ¶¶5-6. These submissions have identified contracts under performance and costs allocated to these contracts for the years since Lucent's formation in 1996 through the present. *Id.* Because significant compliance requirements exist, the government has extensive audit rights. *See* 48 C.F.R. §§ 52.215-2; 52.216-7, 52.216-16, 52.216-17, 52.232-7, 52.230-2. The government may implement this right by performing extensive audits of various contractor systems including audits of the overall accounting controls system, indirect and other direct cost system, general information technology system, budget and planning system, purchasing system, material system, compensation

system, labor system, billing system and estimating system. *See* Defense Contract Audit Agency Contract Audit Manual No. 7640.1 (Jan. 2006), § 5-102, p. 502. As a result, the government has audited, in addition to Lucent's indirect cost submissions, proposals, contracts and CAS Disclosure Statements, Lucent's accounting system and purchasing system. Marshall Decl. ¶4. Importantly, the government also audited Lucent's compliance with CAS 413 after the transfer to GD. *See* Lucent's Motion for Summary Judgment, Tab 15. These audits entailed government review of Lucent's portfolio of CAS covered contracts after the GD transaction and examination of its security accrual rates which incorporate any pension costs. As a result, during the audits, the government requested and Lucent provided information regarding contracts, assets and personnel transferred and retained and the assets, liabilities and other information related to Lucent's pension plans and pension costs as of the date of the transfer to GD. Marshal Decl., ¶¶4-7; Thomas R. Suher Declaration ("Suher Decl."), ¶¶ 4-6.

Finally, Lucent submitted supporting facts with its motion for summary judgment, including the fundamental sale documents and attachments reflecting the specifics of ATS assets, intellectual property, employees and contracts retained by Lucent after the sale to GD. *See* Lucent's Motion for Summary Judgment, Tabs 1-10. Thus, the government already possesses significant information regarding Lucent's alleged segment closing. A more detailed review of the information shows that the government's requests for discovery, in addition to being focused on issues not relevant to Lucent's

motion, seek information that it already has and seems interposed for the purpose of delay and redundancy. This information includes, for example:

- What ATS contracts were transferred and retained: The government was provided a list of all contracts transferred to GD as part of the sale documents (*See* Lucent's Motion for Summary Judgment, Appendix, Tab 2, P168 - P175) and a list of active contracts retained (*See Lucent's Motion for Summary Judgment*, Appendix, Tab 14, P295 – P296).
- Capital assets: The government was provided the specifics of the ATS assets transferred to GD as part of the sale documents (*See* Lucent's Motion for Summary Judgment, Appendix, Tab 2, P185 – P187) and identification of capital assets retained (*See* Lucent's Motion for Summary Judgment, Appendix, Tab 7, P224).
- Intellectual property assets: The government was provided a copy of the signed Intellectual Property Agreement relating to the sale that details the patents assigned to GD and the rights to other intellectual property granted to GD (*See* Lucent's Motion for Summary Judgment, Appendix, Tab 3).
- Employees: The government was provided a list of all ATS employees who transferred to GD and all ATS employees retained by Lucent (*See* Lucent's Motion for Summary Judgment, Appendix, Tab 6).
- Treatment of pension costs and cost accounting practices before and after the ATS sale: The government has been provided copies of Lucent's CAS

Disclosure Statements for the periods before and through negotiation of overhead rates for years since Lucent's formation in 1996 and information on relevant pension costs and the charging for such on any retained contracts. (*See* Marshall Decl., ¶¶ 4-7)

- Actuarial valuation reports and facts concerning the parties' agreements with respect to the division and responsibilities for pension assets for ATS employees that were transferred: These were provided to the government. (*See* Suher Decl., ¶5)

The government's inability to identify a single potential disputed fact, therefore, is a very telling indicator that the government is "fishing" without any reasonable expectation of developing a genuine issue of material fact. Of course, the government in its reply brief will work hard to solve that defect. That effort, however, will confirm that, at best, the government is merely speculating as to what discovery might show, and speculation is not grounds for permitting Rule 56(f) discovery. *See Keebler*, 866 F.2d at 1389. Accordingly, the Bird Declaration fails the *Theisen* requirement to explain how the results of requested discovery are reasonably expected to engender a genuine issue of material fact.

**b. Defendant Failed to Provide an Adequate Factual Predicate for its Belief that There are Discoverable Facts Sufficient to Raise a Genuine and Material Issue**

The third *Theisen* requirement is that the declaration must "provide an adequate factual predicate for the belief that there are discoverable facts sufficient to raise a

genuine and material issue." *Theisen*, 58 Fed. Cl. at 198. In other words, the government must explain not only how the requested discovery could or would engender a genuine issue of material fact, but it must explain also why it believes there are such facts. *Id*. at 197-98. The intent of this requirement is to prevent a denial of summary judgment merely to satisfy a litigant's speculative hope of finding some supporting evidence. *See Theisen,* 58 Fed. Cl. at 197-98, *citing Pure Gold,* 739 F.2d at 627.

Nowhere in the Bird Declaration is there any support for the government's apparent belief that there are discoverable facts not already in its possession sufficient to raise a genuine dispute of material fact. Previous government admissions and the substantial information in the government's possession that has not given rise to any genuine dispute of material fact reinforce this deficiency in the government's declaration.

*Theisen* requires that the government bring forward the facts that may support a genuine dispute of material fact in the Bird Declaration. The government did not do so. Accordingly, the Bird Declaration fails the *Theisen* requirement that an affidavit or declaration provide an adequate factual predicate for the government's belief that a genuine issue might arise in discovery.

Indeed, the Government's Rule 56(f) Motion for a 120-day continuance and substantial discovery is precisely the type of unfounded delay tactic that this part of the *Theisen* test was designed to prevent; *i.e.*, discovery requests based on a speculative hope of finding some evidence to challenge the evidence the moving party has presented in its motion. *Id.* The government needed more than the conclusory, two and one-half page

declaration provided by Mr. Bird to establish a factual predicate for the discovery it seeks. Having failed to provide that predicate, the government has no basis under the *Theisen* to request the extraordinary delay and broad discovery sought by the Government's Rule 56(f) Motion.

**c. The Government Failed to Explain What Information is Available to It and Why It is Inadequate**

The fourth and fifth *Theisen* requirements concern the non-moving party's prior efforts to obtain the requested information to guard against rewarding a party that has been less than diligent in preparing its case. It would be manifestly unfair and contrary to judicial economy to deny summary judgment to a party because an opponent has failed to take advantage of past opportunities to pursue discovery or to use information already in its possession. *See* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Practice & Procedure: Civil 3d* § 2741, at p. 429 (1998) (Rule 56(f) provisions permitting continuances "will not be applied to aid a party who has been lazy or dilatory").

As explained previously, the government has substantial amounts of information in its possession relating to alleged segment closure. This information includes several hundred pages of detail regarding the asset sale with GD, including every final agreement comprising the transaction. *See* Suher Decl., ¶6. The Bird Declaration nowhere addresses this or what efforts the government made to use this information to support the requested discovery. Accordingly, the Bird Declaration fails the fourth and fifth *Theisen* requirements.

**2. Because the Government's Response to Lucent's Motion for Summary Judgment has Failed, the Government is not Entitled to Correct This Failure and the Court Should Proceed to Rule on Lucent's Motion Based on All the Facts Being Undisputed and the Relevant Law**

By submitting declarations and other documents supporting each of its PFUF, Lucent has met its burden required for the granting of summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying through affidavits and other materials facts that it believes demonstrate the absence of a genuine issue of material fact). Accordingly, under Rule 56(f), the government had the burden of establishing a genuine issue of material fact for trial or explaining why it cannot do so under Rule 56(f). 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Practice & Procedure: Civil 3d* § 2740, at p. 399 (1998). The government has done neither in this case. Indeed, having not challenged Lucent's positions, the government has conceded that Lucent's positions are correct. Accordingly, under *Theisen*, this Court should deny the Government's Rule 56(f) Motion and proceed to decide Lucent's Motion for Summary Judgment on the basis of Lucent's PFUF and the relevant law.

Moreover, the government should not be permitted to supplement the Government's Rule 56(f) Motion or granted additional time to respond to Lucent's motion. Any such relief would frustrate the interests of justice by rewarding the government's clear failure to comply with Rule 56(f).

## IV. CONCLUSION

For the reasons set forth above, the declaration submitted by the government in support of the Government's Rule 56(f) Motion, and the Government's Rule 56(f) Motion itself (even if argument of counsel were relevant under *Theisen*, and it is not) are inadequate under the criteria announced in this Court's decision in *Theisen*. Accordingly, this Court should deny the Government's Rule 56(f) Motion and decide Lucent's Motion for Summary Judgment on the basis of Lucent's PFUF and the law.

Respectfully submitted this 5th day of June, 2006.

s/Thomas A. Lemmer
Thomas A. Lemmer
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, CO 80202
(303) 634-4000
FAX: (303) 634-4400

ATTORNEY FOR PLAINTIFF LUCENT TECHNOLOGIES INC.

OF COUNSEL:

Corey R. Sanchez
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, CO 80202

Michael Garson
Corporate Counsel
Lucent Technologies Inc.
8000 Towers Crescent Drive, Suite 400
Vienna, VA 22182