**Nos. 04-1511C, 04-1512C**
**(Consolidated)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**LUCENT TECHNOLOGIES INC.,**

**Plaintiff,**
**v.**
**THE UNITED STATES**

**Defendant.**

**AT&T CORP.,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR AN ORDER DENYING PLAINTIFF LUCENT TECHNOLOGIES INC.'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, OR, IN THE ALTERNATIVE, GRANTING A CONTINUANCE TO PERMIT ESSENTIAL DISCOVERY (NO. 04-1511)

---

**PETER D. KEISLER**
**Assistant Attorney General**

**JEANNE E. DAVIDSON**
**Deputy Director**

**C. COLEMAN BIRD**
**Senior Trial Counsel**
**Commercial Litigation Branch**
**Civil Division**
**Department of Justice**
**Attn: Classification Unit**
**8th Floor**
**1100 L Street, N.W.**
**Washington, D.C. 20005**
**Tele: 202.307.0453**
**Fax: 202.514.7965**

**Attorneys for Defendant**
**United States of America**

**OF COUNSEL:**

**KATHLEEN MALONE**
**Trial Attorney**
**Defense Contract Management Agency**
**495 Summer Street**
**Boston, MA 02210**

**Dated: June 23, 2006**

## TABLE OF CONTENTS

**PAGE**

**TABLE OF CONTENTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR AN ORDER DENYING PLAINTIFF LUCENT TECHNOLOGIES INC.'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, GRANTING A CONTINUANCE TO PERMIT ESSENTIAL DISCOVERY (NO. 04-1511)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**I. FAIRNESS REQUIRES THAT LUCENT EITHER WITHDRAW ITS PROPOSED FINDINGS OF FACT OR PROVIDE THE DISCOVERY THE GOVERNMENT HAS REQUESTED** . . . . . . . . . . . . . . 4

**II. DEFENDANT IS ENTITLED TO A REASONABLE OPPORTUNITY TO RESPOND TO LUCENT'S SUMMARY JUDGMENT MOTION ON THE MERITS WHETHER OR NOT THE COURT GRANTS RELIEF UNDER RCFC 56(F)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

**CASES** **PAGE(s)**

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Jade Trading, LLC v. United States*,
60 Fed. Cl. 558 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 11

*Opryland USA Inc. v. The Great American Music Show, Inc.*,
970 F.2d 847 (Fed. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

*Theisen Vending Co. v. United States*,
58 Fed. Cl. 194 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

*Stearns Airport Equipment Co. v. FMC Corp.*,
170 F.3d 518 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**RULES**

RCFC 56(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

RCFC 56(h)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **LUCENT TECHNOLOGIES INC.,** <br> **Plaintiff,** <br> **v.** <br> **THE UNITED STATES,** <br> **Defendant.** | ) | **No. 04-1511C** <br> **(Judge Braden)** |
| **AT & T CORP.,** <br> **Plaintiff,** <br> **v.** <br> **THE UNITED STATES,** <br> **Defendant.** | ) | **No. 04-1512C** <br> **(Judge Braden)** <br> **(Consolidated)** |

**DEFENDANT'S REPLY IN SUPPORT OF**
**MOTION FOR AN ORDER**
**DENYING PLAINTIFF LUCENT TECHNOLOGIES INC.'S**
**MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE OR,**
**IN THE ALTERNATIVE, GRANTING A CONTINUANCE**
**TO PERMIT ESSENTIAL DISCOVERY (NO. 04-1511)**

Defendant, the United States, respectfully submits this reply (i) in response to Plaintiff Lucent Technologies Inc.'s Response to Defendant's Motion for an Order Denying Plaintiff Lucent Technologies Inc.'s Motion for Summary Judgment Without Prejudice or, in the Alternative, Granting a Continuance to Permit Essential Discovery (No. 04-1511) ("Lucent Opp."), and (ii) in support of Defendant's Motion for an Order Denying Plaintiff Lucent Technologies Inc.'s Motion for Summary Judgment Without Prejudice or, in the Alternative,

Granting a Continuance to Permit Essential Discovery (No. 04-1511) ("Def. RCFC 56(f) Mot.").

In our motion under RCFC 56(f), we asked the Court to deny plaintiff Lucent Technologies Inc.'s ("Lucent's") motion for summary judgment without prejudice, or, in the alternative, to direct Lucent to respond to the Government's outstanding discovery requests and grant a brief continuance within which the Government could complete the essential discovery that it needs to respond to Lucent's motion, and file its response with the Court. In our motion and supporting Bird Declaration, we demonstrated that, because Lucent had filed its summary judgment motion as a preemptive strike before the Court had the opportunity to enter a scheduling order in response to the parties' competing scheduling proposals set forth in their Joint Preliminary Status Report, and before the Government had any opportunity to take any discovery, fundamental fairness required that the Government be given the opportunity to take the discovery that it needed both to controvert and to place in context the numerous factual allegations upon which Lucent based its motion to end this litigation in its entirety in its favor. Def. RCFC 56(f) Mot. at 5-11.

Lucent's Opposition makes clear that it is untroubled by the unfairness of the course it urges upon the Court. In fact, as we show below, what Lucent has proposed is precisely the kind of "railroading" that RCFC 56(f) was intended to prevent. *See Opryland USA Inc. v. The Great American Music Show, Inc.*, 970 F.2d 847, 852 (Fed. Cir. 1992), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Lucent asks this Court to rush to a final judgment resolving this case in Lucent's favor based upon numerous allegations of fact regarding the ATS contracts, assets, and employees it retained and its conduct of Government business after the sale, allegations that the Government has never had the chance either to test in discovery or to place in context, by

taking discovery to get the basis for the Government's own proposed findings of uncontroverted fact to present the complete picture of the ATS transaction, an opportunity that RCFC 56(h)(2) expressly provides. *See* RCFC 56(h)(2) ("[t]he opposing party may also file proposed findings of uncontroverted fact as to any relevant matters not covered by the moving party's statement").

Indeed, in its effort to deny the Government discovery under RCFC 56(f), Lucent now implicitly suggests that its lengthy proposed findings of uncontroverted fact ("PPFUFs") are irrelevant to the narrow, purportedly dispositive legal issue that it now claims its motion presents – whether, as Lucent claims, no segment closing under CAS 413 occurs when a segment is sold unless the sale involves the transfer to the buyer of "100 % of the segment's CAS-covered contracts and the assets necessary to perform such contracts." Lucent Opp. at 10. That, of course, is a wholly different motion from the motion that Lucent actually filed. If Lucent now wants to have its motion considered only upon that narrow basis, it should withdraw its PPFUFs, and have its motion stand or fall upon the legal argument based upon the sole fact – which the Government does not dispute – that in this case not every one of the ATS segment's contracts, assets, *etc*. were transferred to the buyer as part of the ATS transaction.

Lucent cannot have it both ways, however. Either Lucent's numerous allegations of fact regarding the amount, nature, value, and subsequent use and significance of the handful of contracts, assets, *etc*. that it retained when it sold the vast majority of the ATS segment's contracts, assets, *etc*. to the buyer are germane to its motion, or they are not. If they are germane, then the Government is entitled to an opportunity to take discovery to controvert those facts and place them in an appropriate factual context. If they are not germane, then Lucent should withdraw them. In any and all events, this Court should not permit Lucent to rely upon

these facts in its dispositive motion (and, in this way, to implicitly suggest to the Court that no CAS 413 segment closing occurred because substantial or meaningful contracts, assets, *etc*. were retained) while denying the Government any opportunity to test those facts in discovery.

Finally, the Court should summarily reject Lucent's suggestion (Lucent Opp. at 19) that, if the Court is not disposed to grant the Government's motion under RCFC 56(f), the Court should deny the Government any opportunity to respond to Lucent's summary judgment motion on the merits, and should proceed to grant Lucent's motion by default. As we show below, there is no fairness, authority, or reasoned analysis in support of Lucent's request, but, instead, simply an attempt to "railroad" the Government. *See* pp. 10-12 below.

## ARGUMENT

### I. FAIRNESS REQUIRES THAT LUCENT EITHER WITHDRAW ITS PROPOSED FINDINGS OF FACT OR PROVIDE THE DISCOVERY THE GOVERNMENT HAS REQUESTED

Lucent has a fundamental problem. Its rationale for denying our RCFC 56(f) motion rests upon a construction of its summary judgment motion that bears no resemblance to the motion it actually filed. As filed, Lucent's summary judgment motion is replete with arguments based upon its various allegations regarding the handful of contracts that were retained, the assets (tangible and intangible) that were retained, its efforts after the segment closing to win new government contracts similar to the retained contracts, the various employees who were retained and their subsequent role in performance of the retained contracts and other government business, and so forth. *See* Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment, dated August 2, 2005 (Docket No. 18) ("Pl's Memorandum"), at 3-8, 21-25, and Plaintiff's Proposed Findings of Uncontroverted Fact, dated August 2, 2005

(Docket No. 19), PPFUFs Nos. 1-34. In its opposition to the Government's RCFC 56(f) motion, however, Lucent remarkably suggests that none of these facts matters. According to Lucent, its summary judgment motion is premised upon a single fact, indeed, the *only* fact the Court needs to decide the motion – that, in the ATS segment closing "Lucent transferred less than 100% of the contracts and related assets of the segment allegedly closed." Lucent Opp. at 12; *see also id.* at 3-4, 9-12. According to Lucent, since that is the only fact of significance for its motion, the Government should not be given any opportunity to take discovery. *Id*. at 8-12.

Lucent cannot square its recent characterization of its summary judgment motion with the motion it filed, however. In its motion as filed, Lucent devotes pages and pages to a description of the carefully selected facts that it chooses to place before the Court (*see* Pl. Memorandum at 3-8, 21-25). Lucent supported its motion with 34 separate PPFUFs (covering 13 pages), which were in turn supported by a lengthy appendix (consisting of approximately 330 pages). If, as Lucent now suggests, none of this matters, then Lucent should withdraw its proposed findings and make its legal argument based upon the "100 % test" that it espouses, *i.e.*, that no segment closing occurs unless 100 *per cent* of the segment's contracts and assets needed to perform such contracts are transferred to the buyer, based upon the narrow – and undisputed – fact that 100 % of the segment's contracts were not transferred.

Alternatively, if, contrary to its more recent characterization of its motion, Lucent intends that the Court should consider and rely upon the factual allegations contained in the motion that it filed, then the Government is plainly entitled to the discovery it has sought. As we demonstrated at some length in our motion (Def. RCFC 56(f) Mot. at 7-11, and Bird Declaration ¶¶ 3-6), our discovery requests are specifically directed towards discovering facts essential to the

Government's opposition to Lucent's summary judgment motion, *i.e.*, the substantially fact-based motion that Lucent actually filed, and not the narrow, single-fact motion that Lucent now suggests it filed. As a result, under the clear teaching of the court of appeals in *Opryland*, the requested discovery "must be permitted or summary judgment refused." *Opryland USA Inc.*, 970 F.2d at 852.

Lucent is plainly concerned, and properly so, about the unmistakable implications of its legal position. If Lucent were correct that anything less than the transfer of 100 *per cent* of a sold segment's contracts and related assets cannot constitute a segment closing under CAS 413, then a contractor that sells a segment with a substantial pension surplus could wholly frustrate the Government's right to the CAS 413 segment-closing adjustment that the Cost Accounting Standards Board required merely by transferring everything to the buyer except a single minuscule contract and a computer or a desk lamp. This would be an absurd interpretation of the definition of a segment closing, one that the CAS Board clearly never intended. In order to avoid the flaws of just such an argument, Lucent lards its summary judgment motion with its carefully selective version of various facts, the unmistakable purpose of which is to suggest to the Court that substantial contracts, assets, *etc*. of the ATS segment were retained and not transferred to the buyer. But, if Lucent wants to suggest, directly or indirectly, that it retained more than *de minimis* contracts, assets, *etc*. when it sold the ATS segment, its factual allegations to that effect should be tested in discovery, and not immunized from the Government's reasonable discovery requests.

In its Opposition, Lucent repeatedly contends that the Government has failed to meet the requirements of RCFC 56(f) as construed in *Theisen Vending Co. v. United States*, 58 Fed. Cl.

194 (2003), and *Jade Trading, LLC v. United States*, 60 Fed. Cl. 85 (2005). Curiously, Lucent barely mentions the *Jade Trading* case, even though it is the more recent case and considerably more analogous to the facts here. In that case, as here, the movant sought summary judgment based upon its characterization of certain transactions before any discovery had been taken in the case. See *Jade Trading*, 60 Fed. Cl. at 559. The Court denied the motion, noting that granting summary judgment "without giving Defendant the opportunity for discovery would 'railroad' the Defendant by preventing it from developing its case and [by] prematurely resolving on motion" a matter that likely warranted a trial. *Id*. at 565. Contrary to Lucent's repeated assertions, the Bird Declaration upon which the Government relies in this case is more than sufficient to meet the requirements of RCFC 56(f) as construed in *Theisen* and *Jade Trading*. The Declaration is every bit as specific and detailed as the affidavit of counsel that the Court in *Jade Trading* found entirely sufficient to meet these same *Theisen* requirements. *Compare* Bird Decl. ¶¶ 3-6 *with Jade Trading*, 60 Fed. Cl. at 563 (quoting from counsel's declaration).

In our motion, we demonstrated in detail the discovery that we needed, and why we needed it – to obtain for the Court the complete facts regarding the ATS sale (what was retained *vs*. what was transferred), regarding Lucent's post-closing performance of the retained contracts, and regarding Lucent's own internal recognition, after the sale, that the ATS segment had been closed and no longer existed within Lucent. *See* Def. RCFC 56(f) Mot. at 8-11. In response, Lucent contends that our showing of the need for this discovery was inadequate because Lucent had already provided *some* of the requested information to the Government, either as part of contract administration or in the appendix to its summary judgment motion. Lucent Opp. at 12-16.

Lucent never suggests, however, that it has provided to the Government, or the Government otherwise has, *all* of the information that the Government has requested in discovery. Nor does Lucent ever suggest that it would be at all burdensome or difficult for it to provide the information that the Government has requested. Instead, Lucent appears to suggest that a party cannot obtain relief under RCFC 56(f) unless it represents to the Court that it has exhausted the sources of information within its possession and has none of the requested information. This is plainly not the law, however. The case of *Jade Trading* is again instructive. In that case, the Court granted the non-movant's RCFC 56(f) motion even though the affidavit of counsel admitted that it already had certain of the information it was seeking in discovery:

> The Department of Justice [the non-movant] has received copies of documents from the IRS with respect to Jade Trading. The defendant, [the United States] however, still needs to conduct discovery in order to explore all facts and circumstances with respect to the involved transactions.

*Jade Trading*, 60 Fed. Cl. at 563. Similarly, in this case, although the Government may have received certain documents and information from Lucent that provide some of the requested information, the Government still needs to conduct discovery in order to "explore all facts and circumstances with respect to" the ATS transaction, not merely Lucent's selective rendering of those facts. *Id*.

We note that the partial information Lucent has provided fails to provide many of the basic facts surrounding the ATS transaction, facts that are the subject of the Government's discovery requests. Lucent has not provided in its summary judgment papers complete information on the values and costs of the ATS contracts, including several classified contracts. It has not provided anything other than summary, top-level values for broad categories of assets

affected by the sale, and has failed to provide the specific information requested by the Government to test Lucent's claim that the retained assets were related or necessary to the retained contracts. With respect to retained employees and their role in Lucent's subsequent government business, Lucent has not provided either their job titles and compensation or the organization charts that would show how these employees were assigned before or after the sale.

Lucent has also failed to provide in its motion papers any documents responsive to numerous areas of the Government's discovery. It has provided no documents concerning (i) the potential application of CAS 413 to the ATS sale (Government Document Request No. ("DR") No. 3); (ii) its memorandum offering to sell ATS (DR No. 6); (iii) minutes of its Board of Directors meetings concerning the ATS sale (DR Nos. 8, 27) or documents provided to the Board concerning the ATS sale (DR No. 9); (iv) communications by Lucent with its selling agent, with General Dynamics, or with any other party about its retention of ATS assets, contracts, or employees (DR Nos. 10. 18, 19, 24, 25, 26) or any price adjustment related to Lucent's retention of contracts, assets, or employees (DR No. 11); (v) SEC filings concerning the sale (DR No. 13); or (vi) actuarial valuation reports for years after the sale (DR No. 16).

Further, to the extent that the Government may already have, scattered in various locations, some of the information it seeks in discovery, Lucent is free to object under RCFC 26(b)(2)(ii), and the parties can then attempt to resolve any such objection by agreement (or seek the aid of the Court if agreement cannot be reached). The Government's alleged possession of some of the requested information is not, and cannot be, a proper basis to deny the Government any discovery whatsoever under RCFC 56(f). It is well settled, for example, that a party cannot properly object to producing in discovery copies of documents it has in its possession, such as,

for example, file copies of its correspondence with the Government regarding a contract, simply because the Government should already have in its own files the originals of the same documents. Lucent's filing a motion for summary judgment as a preemptive strike before the Court ever entered a scheduling order and before the Government had any chance to take discovery cannot properly shift to the Government the burden to show that it does not have any of the information sought before it can obtain any discovery under RCFC 56(f).

## II. DEFENDANT IS ENTITLED TO A REASONABLE OPPORTUNITY TO RESPOND TO LUCENT'S SUMMARY JUDGMENT MOTION ON THE MERITS WHETHER OR NOT THE COURT GRANTS RELIEF UNDER RCFC 56(F)

Finally, Lucent requests that, if the Court is not persuaded to grant our RCFC 56(f) motion, the Court should deny the Government any chance to respond to Lucent's summary judgment motion on the merits. Lucent Opp. at 19 ("the [G]overnment should not be . . . granted additional time to respond to Lucent's motion"). Lucent cannot have intended that this suggestion be given serious consideration, for a number of reasons.

First, Lucent's request repudiates its explicit agreement, memorialized in the parties' Joint Status Report dated March 8, 2006 (Docket No. 37), that the Government would be entitled to file a response to Lucent's summary judgment motion if the Court were to deny the Government's RCFC 56(f) motion. In their Joint Status Report, the parties advised the Court as follows:

> If the Court were to deny the Government's RCFC 56(f) motion, the *parties have agreed that* the Government would file its response to Lucent's motion for summary judgment within 45 days of the Court's Order.

Joint Status Report (No. 04-1511), dated March 8, 2006, at 2 (emphasis added).

Second, even if Lucent had not already agreed that the Government would have the chance to respond to Lucent's summary judgment motion if the Court denies the Government's RCFC 56(f) motion, Lucent's request should be rejected. Lucent cites no authority for its unprecedented suggestion that the Court should impose a summary judgment by default against a party that exercises its right to request relief under RCFC 56(f), without success, and that the Court should, in effect, treat the party that sought, but failed to obtain, relief under RCFC 56(f) as having conceded the underlying summary judgment motion on the merits.

Lucent's request runs squarely contrary to the established jurisprudence under RCFC 56(f) . It is well settled, that, in order to prevent "railroading" of the party opposing summary judgment, RCFC 56(f) motions are "generally favored and should be liberally granted." *Jade Trading*, 60 Fed. Cl. at 565, *citing Theisen*, 58 Fed. Cl. at 197, *citing Stearns Airport Equipment Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999) (citations omitted). Lucent's argument that the Court should treat the Government as having forfeited its right to respond to plaintiff's summary judgment motion by exercising its right under RCFC 56(f) to request discovery before responding is entirely contrary to the plain purpose of RCFC 56(f). The protections that RCFC 56(f) provides would be empty, indeed, if the party opposing summary judgment could not request needed discovery without running the risk that, if the court were not persuaded to allow the requested discovery, the party would be denied any opportunity to respond to the summary judgment motion on the merits.

**CONCLUSION**

For the foregoing reasons and the reasons set forth in our previous motion, defendant respectfully requests that the Court enter an order denying Lucent's motion for summary judgment without prejudice, or, in the alternative, an order (a) directing Lucent to respond to defendant's outstanding discovery requests within 30 days, and to produce responsive documents within 45 days, of the Court's order, and (b) granting a continuance of four months thereafter within which defendant may complete essential discovery on factual issues relating to Lucent's summary judgment motion and file its response to that motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Deputy Director

s/ C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: 202.307.0453
Facsimile: 202.514.7965

Attorney for Defendant United States of America

OF COUNSEL

KATHLEEN MALONE
Trial Attorney
Defense Contract Management Agency
495 Summer Street
Boston, MA 02210

Dated: June 23, 2006

**CERTIFICATE OF FILING**

I hereby certify that on the 23rd day of June, 2006, a copy of the foregoing Defendant's Reply in Support of Motion for an Order Denying Plaintiff Lucent Technologies Inc.'s Motion for Summary Judgment without Prejudice, or, in the Alternative, Granting a Continuance to Permit Essential Discovery (No. 04-1511) was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ C. Coleman Bird