**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AT&T CORP.<br>Plaintiff,<br>and<br>LUCENT TECHNOLOGIES INC.<br>Plaintiff,<br>vs.<br>UNITED STATES,<br>Defendant. | Case Nos. 04-1511C and 04-1512C<br>(Judge Braden) |

**PLAINTIFF LUCENT TECHNOLOGIES INC.'S**
**MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS**
**AND FOR SANCTIONS (NO. 04-1511C)**

Pursuant to Rule 37(a) of the Rules of the United States Court of Federal Claims (the "Rules"), Plaintiff Lucent Technologies Inc. ("Lucent") files this Motion to Compel Defendant's Production of Documents and for Sanctions. On June 1, 2007, Lucent submitted to the government Lucent Technologies Inc.'s Requests for Admissions, Requests for Production and Interrogatories (No. 04-1511C) ("Lucent's discovery requests") (Ex. A), with an initial response to those requests due by the government on July 3, 2007. To date, the government has not produced a single document in response to Lucent's discovery requests. For the reasons explained below, Lucent requests that this Court issue an Order to Compel the government to produce all documents responsive to Lucent's discovery requests by one week after the Court grants this motion to compel and for sanctions in the amount of Lucent's fees and costs in filing this Motion to Compel.

## I. BACKGROUND

On May 21, 2007, the Court ordered that the parties exchange discovery on the narrow issue of whether the October 1997 transaction involving the sale of some of the assets of Lucent's Advanced Technology Systems ("ATS") business unit to General Dynamics ("GD") constituted a segment closing under 48 C.F.R. § 9904.413-50(c)(12) (1995). On August 2, 2007 (after the Court had already granted a 30-day enlargement, by Order dated June 28, 2007), the Government finally served its written responses to Lucent's discovery requests, including statements regarding when documents would be produced. According to the government, documents were not produced by the government on that date because the government required a protective order to ensure appropriate restrictions governed the use and disclosure of certain documents relating to its production. Given that the government believed a protective order was required, the government had identified by August 2007 responsive documents. On September 6, 2007 the Court granted a protective order regarding the parties' document production.

On September 7, 2007, in a Joint Status Report, the parties committed to the completion of the production of documents on October 19, 2007, and: (a) requested that the Court enter an order providing for the completion of all discovery on the issue of whether a segment closing had occurred, including depositions, by February 15, 2008; and (b) stated that a further joint status report would be submitted by February 25, 2008, proposing a schedule for the resolution of the segment closing issue, either by summary judgment or by trial. On September 10, 2007, the Court issued an order closing discovery based upon these dates. *See* Order (Sept. 10, 2007).

On October 19, 2007, Lucent substantially completed its production of documents, the date upon which the parties had agreed. Notably, Lucent took significant efforts to ensure that Lucent was responsive to the government's document requests, including producing documents that were already in the government's possession. Lucent completed the remainder of its document production on December 18, 2007, producing a small volume of documents. Thus, Lucent proceeded diligently to keep this litigation on schedule.

Although Lucent substantially completed its production of documents on October 19, 2007, the government has failed to produce a single document to date. Since mid-October, Lucent has attempted continually to obtain government production of all responsive documents. On January 3, 2008, the parties held a telephone conference to discuss the government's continuing failure to produce documents. During the January 3, 2008 telephone conference, the government committed to producing "substantially all" of its documents by the end of January 2008, almost three months after Lucent had produced substantially all of its documents. After the exchange of several letters between the parties, in which Lucent attempted to have the government honor its commitment to produce documents, the government still has failed to produce any documents. *See, e.g.,* McKenna Long & Aldridge LLP ("MLA") letter (Nov. 30, 2007) (Ex. B); MLA letter (Dec. 21, 2007) (Ex. C); U.S. Department of Justice ("DOJ") letter (Jan. 3, 2008) (Ex. D); MLA letter (Jan. 3, 2008) (Ex. E); DOJ letter (Jan. 24, 2008) (Ex. F); MLA letter (Jan. 25, 2008) (Ex. G).

As recently as February 6, 2008, Lucent demanded by letter that the government produce documents. MLA letter (Feb. 6, 2008) (Ex. H). On February 8, 2008, the government informed Lucent by email that it would respond by February 11, 2008. Lucent's counsel asked government counsel by reply email on February 8, 2008, whether the response on February 11, 2008 would be another letter or the actual production of documents. Government counsel did not respond. As of February 11, 2008, the government still had failed to produce documents to Lucent. The government's delay in producing documents now has extended since July 2007, and Lucent, therefore, seeks relief from the government's continued delay in this litigation, and specifically the government's failure to produce documents in response to Lucent's discovery requests.

## II. REQUEST FOR RELIEF

Under Rule 37(a)(2)(B), when a party fails to respond to a request for the production of documents, the discovering party may move for an order compelling an answer. Lucent now seeks an order compelling the government's production of documents responsive to Lucent's discovery requests within one week after the Court grants this motion to prevent the government from further delaying this litigation. Such an order is appropriate not only because of the government's failure to produce, but also for the reasons discussed below as to why sanctions are appropriate.

In addition to compelling production, Lucent requests that the Court sanction the government by requiring the government to pay expenses associated with the filing of this Motion to Compel. Under Rule 37(a), this Court should sanction a party for failing to comply with discovery, as follows:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees . . . .

Rule 37(a)(4) (Fed. R. Civ. P. 37(a)(4) is identical) (emphasis added). Accordingly, when one party's conduct or inaction necessitates a motion under Rule 37(a)(4), it is only appropriate that the winning party's cost and expenses be reimbursed, since they are, by their very nature, wasted expenses. *See M.A. Mortenson Co. v. United States*, 15 Cl. Ct. 362 (1988), *aff'd*, 996 F.2d 1177 (Fed. Cir. 1993).

Sanctions are appropriate against the government here for two reasons. First, the government has inappropriately delayed this litigation. Discovery, including depositions, is currently scheduled to be completed on February 15, 2008. That will not occur because of the government's delay. If the government had produced documents timely, this deadline could have been met. Now, the schedule must be adjusted substantially to achieve production and to provide Lucent time to review the government's production, seek additional discovery, if appropriate, and prepare for depositions.

Second, the government has unfairly benefited from its delay in producing documents. The government has been in possession of substantially all of Lucent's documents since October 19, 2007, the date the parties agreed to produce documents. This has given the government four months to review documents produced by Lucent while, at the same time, Lucent has been deprived of any government documents, materially enhancing the government's position in this litigation. This is abusive.

Accordingly, sanctions against the government in the form of the reimbursement of all fees and costs for the filing of this Motion to Compel, including attorney's fees, are respectfully requested.

Based upon the above, Lucent respectfully requests the Court grant Lucent's Motion to Compel and issue an order directing the government to produce all documents in response to Lucent's discovery request by one week after the Court grants this motion**.** Lucent also respectfully requests that the Court sanction the government in the form of permitting Lucent to recover all fees and costs related to the filing of this Motion to Compel.

Pursuant to Rule 37(a)(2)(B), Lucent, through its counsel, certifies that it has, in good faith, conferred or attempted to confer with the government in an effort to secure the information or material without court action as explained above and evidenced by the attached exhibits.

Respectfully submitted this 11th day of February, 2008.

s/Thomas A. Lemmer
Thomas A. Lemmer
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, CO 80202
(303) 634-4000
FAX: (303) 634-4400

ATTORNEY FOR PLAINTIFF
LUCENT TECHNOLOGIES INC.

OF COUNSEL:

Corey R. Sanchez
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, CO 80202

Michael D. Garson
Lucent Technologies Inc.
8000 Towers Crescent Drive, Suite 400
Vienna, VA 22182

DN:32136479.5