# Exhibit D

**U. S. Department of Justice**

Civil Division

CCBird
DJ No. 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

Telephone: 202.307.0453
Facsimile: 202.514.7965

*Washington, D.C. 20530*

January 3, 2008

BY ELECTRONIC MAIL
AND FIRST-CLASS MAIL

Thomas A. Lemmer, Esq.
Corey R. Sanchez, Esq.
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, CO 80202

Re: Lucent Technologies Inc. v. United States,
Fed. Cl. No. 04-1511C

Dear Mr. Lemmer and Mr. Sanchez:

As Kathleen Malone, Ellen Lynch, and I discussed with you yesterday, I will send by e-mail the Excel spreadsheet ("LucentDiscovNCBOfilelisting.xls") that lists the various files at the DCAA's North Carolina Branch Office in Greensboro, NC that are potentially responsive to plaintiff's discovery requests as limited in the Government's discovery responses dated August 2, 2007. These files consist of approximately 17 boxes of paper documents, plus voluminous additional documents in electronic form. The bulk of these documents appear to have at best only marginal relevance to the question whether Lucent's sale of the ATS segment to General Dynamics constituted a segment closing. In our discussion yesterday, we suggested that it might expedite the Government's production of responsive documents if you would review this list and let us know which documents you wanted to have produced as scanned images. (As I mentioned, because of that office's unwillingness to allow its records to be taken off-site for copying, we will likely have to do the copying on-site, using a contract copy service, which will require additional time and arrangements. The smaller the volume of documents to be produced, the quicker we can get them to you.) You said that you would review this list and get back to us. Our production of these documents is, of course, subject to the objections asserted in our August 2 written discovery responses.

We also discussed the overall timing of the Government's document production. As I told you, because of the number of different sites and the complexity of the search involved, we will need at least a month, if not more to

complete the search, review the documents for responsiveness and privilege, and produce them to you. We agreed to make best efforts to provide a substantial production within thirty days (by February 1, 2008), with the remainder as soon thereafter as reasonably possible. You expressed concern about the process taking too long, but ultimately indicated this would be satisfactory.

This is also to confirm two other matters that we discussed. First, we asked about the meaning of the statement made in each of your letters dated October 18 and 19, and December 18, 2007 that plaintiff's document production was "subject to any objections submitted by Lucent, *including, but not limited to, those objections filed with Lucent's responses to the discovery requests*." (Emphasis added.) Specifically, we wanted to know whether plaintiff was withholding any documents based upon objections that were not set forth in plaintiff's August 10, 2007 discovery responses. You responded that the language we had asked about was intended only to preserve the right to assert additional objections in the future, but the answer to our question was that there were no documents being withheld upon the basis of undisclosed objections "at this time." Please confirm that you will advise us promptly if plaintiff determines in the future to withhold any documents from production based upon objections not disclosed in plaintiff's August 10, 2007 discovery responses or any amendments thereto.

Second, we discussed the electronic format of plaintiff's document production. Plaintiff produced all of its documents in the form of multi-page PDF files. As we explained, our litigation support personnel have advised that it requires additional steps and expense to convert multi-page PDFs into a format usable in our document imaging system. We requested that plaintiff produce any future documents in the form of images in single-page TIFF files with locator files. This is the same format that we have previously provided scanned images to your firm in other cases (and, I believe, received scanned images from your firm). We understand that you thought this would be something that you could do, but wanted to check.

We look forward to hearing from you regarding the North Carolina office's files listed on the spreadsheet.

Thank you.

Sincerely,

C. Coleman Bird
Senior Trial Counsel
Commercial Litigation Branch
Civil Division

cc: Kathleen Malone, Esq.
(by electronic mail)