# Exhibit F

U. S. Department of Justice

Civil Division

CCBird
DJ No. 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

Telephone: 202.307.0453
Facsimile: 202.514.7965

*Washington, D.C. 20530*

January 24, 2008

BY ELECTRONIC MAIL
AND FIRST-CLASS MAIL

Thomas A. Lemmer, Esq.
Corey R. Sanchez, Esq.
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, CO 80202

Re: Lucent Technologies Inc. v. United States,
<u>Fed. Cl. No. 04-1511C</u>

Dear Mr. Lemmer and Mr. Sanchez:

This is in response to your letters dated January 3 and January 10, 2008 regarding the January 2, 2008 conference call that Kathleen Malone, Ellen Lynch, and I had with you concerning the Government's document production in this case. Some points apparently need to be clarified.

*Timing of the Government's Production.* First, contrary to the suggestion in your January 3 letter, the Government has not "delay[ed] its production of documents, nor was it proposing to "further delay" its production. Lemmer-Sanchez Letter to Bird dated January 3, 2008 ("Jan. 3 Lemmer-Sanchez Letter"), at 1. We have proceeded with diligence to conduct a reasonable search in response to a complex series of requests that cover a number of separate agencies (and separate offices within such agencies). I did not suggest that any agency or office had not been fully responsive or had not accorded this search appropriate priority, because that is not the case. Instead, I indicated only that, due to the breadth and scope of plaintiff's requests, the search for, and production of, responsive documents was a massive and necessarily time-consuming process.

We do agree that, during the January 2 conference call, the parties made agreements about how the Government's document production would proceed, but the agreement that the parties made is not the agreement that your January 3 letter describes. Contrary to the statements in your January 3 letter, we did not, at any time, either during that conversation or otherwise, "commi[t] to producing 'substantially all' documents responsive to Lucent's discovery requests by the end of

January 2008." Jan. 3 Lemmer-Sanchez Letter at 1. What I told you, as reflected in my letter to you sent earlier that same day (January 3), was that we would need "at least a month, if not more[,] to complete the search, review the documents for responsiveness and privilege, and produce them to you." Bird Letter to Lemmer & Sanchez dated January 3, 2008 ("Jan. 3 Bird Letter), at 1-2. As I stated in my letter, we further "agreed to make best efforts to provide a substantial production within thirty days (by February 1, 2008), with the remainder as soon thereafter as reasonably possible." *Id.* at 2. I stated at least twice during this conference call that we would make best efforts to provide a "substantial production" within thirty days. We could not, and did not, commit to producing substantially all of the documents within that period. We intend to honor the commitment that we did make – to make best efforts to provide a substantial production by February 1, and provide the remainder as soon thereafter as reasonably possible.

*The Excel Spreadsheet and the DCAA North Carolina Branch Office Production.* As agreed during the January 2 conference call, we provided by e-mail on January 3 an Excel spreadsheet ("LucentDiscovNCBOfilelisting.xls") that listed the various files at the DCAA's North Carolina Branch Office in Greensboro, NC that were potentially responsive to plaintiff's discovery requests as limited in the Government's discovery responses dated August 2, 2007. Because the bulk of these documents appeared to have at best only marginal relevance to the question whether Lucent's sale of its ATS segment to General Dynamics constituted a segment closing, we asked you to review the list and let us know which documents you wanted to have produced (in the form of scanned images). With your e-mailed letter dated January 10, 2008, you provided an electronic copy of this spreadsheet in which you had electronically highlighted the files that you wanted produced. We will scan and produce those files.

Your January 10 letter asserted that plaintiff "continues to maintain that the government is responsible for producing all documents responsive to Lucent's discovery requests." Lemmer-Sanchez Letter to Bird dated January 10, 2008 ("Jan. 10 Lemmer-Sanchez Letter"), at 1-2. If by this you mean that the Government is under an obligation to review and produce documents contained in the files that plaintiff did not highlight, that is something new. You did not take this position during the conference call. If you had, there would have been no point to this exercise. The purpose was to expedite the Government's production by giving plaintiff a list (which we had no obligation to provide) so that plaintiff could decide which files it wanted scanned, while reserving plaintiff's right to request at a later time that additional files on the list be scanned and produced. Reviewing and

scanning a smaller volume would have expedited the Government's document production. That purpose has been defeated by plaintiff's recent insistence that the Government is also obligated to review the files on this list that plaintiff did not highlight and to produce any marginally responsive documents that might be located by such a review. Given plaintiff's position, we have no choice but to review the files on the list that plaintiff did not request be scanned and produce any responsive documents no matter how marginal their responsiveness. This will unnecessarily delay our document production.

*Form of Electronic Production.* During our January 2 conference call, we requested that plaintiff provide any future documents in the form of single-page .TIFF files with associated locator files. Jan. 3 Bird Letter at 2. In your January 10 letter, you make the same request of us, while stating that plaintiff will provide any future production of documents in this format "when possible." Jan. 10 Lemmer- Sanchez Letter at 2. It is not clear why this would not be "possible" for plaintiff, but, in any event, we will make the same undertaking to plaintiff – we will produce images in the form of single-page .TIFF files with associated locator files when possible (which is the format in which we have previously produced scanned images to your firm in other cases, and your firm has produced scanned images to us in those cases). In your January 10 letter, you state that, after plaintiff has reviewed the Government's documents, it may wish to request that certain documents be produced in native format when possible. *Id.* at 2. Upon showing of some compelling and particularized need for particular documents to be produced in native format, we will consider such requests upon a case-by-case basis. We also reserve the right to request, where appropriate, the production in native format (or in paper format) of particular documents that plaintiff has produced, and will expect plaintiff to respond in the same way.

*Plaintiff's Reservation of Rights Regarding Undisclosed Objections.* Finally, thank you for confirming in your January 3 letter that, despite the language in your letters dated October 18 and 19, and December 18, 2007, that we had inquired about during the January 2 conference call, plaintiff had not withheld from production in the documents previously produced in this case any documents upon the basis of any objections that it had not disclosed to us in plaintiff's discovery responses. See Jan. 3 Bird Letter at 2; Jan. 10 Lemmer-Sanchez Letter at 2. We also appreciate your confirming that you will advise us promptly if plaintiff determines in the future to withhold any documents from production based upon any objections that have not been disclosed in plaintiff's August 10, 2007 discovery responses or in any future amendments thereto. *Id.*

Thank you.

Sincerely,

C. Coleman Bird
Senior Trial Counsel
Commercial Litigation Branch
Civil Division

cc: Kathleen Malone, Esq.
(by electronic mail)