# Exhibit G

Atlanta
Denver
Los Angeles
Philadelphia

McKenna Long & Aldridge LLP
Attorneys at Law

1875 Lawrence Street • Suite 200 • Denver, CO 80202
303.634.4000 • Fax: 303.634.4400
www.mckennalong.com

San Diego
San Francisco
Washington, DC
Brussels

THOMAS A. LEMMER
(303) 634-4350
tlemmer@mckennalong.com

COREY R. SANCHEZ
(303) 634-4341
csanchez@mckennalong.com

January 25, 2008

C. Coleman Bird
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20005

**Re: *AT&T Corp. and Lucent Techs. Inc. v. United States***
**Case Nos. 04-1511C and 04-1512C**

Dear Coleman:

We are writing this letter in response to your letter dated January 24, 2008 (DJ No. 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). Specifically, we address in this letter the timing of the government's production and the production of documents by the government from the Defense Contract Audit Agency ("DCAA") North Carolina Branch Office.

We understood, based upon the conference call on January 2, 2008 and given the government's delay in producing documents in this litigation, that the government would be producing substantially all documents in response to Lucent Technologies Inc.'s ("Lucent") discovery requests by the end of January 2008. We further understood that the government may not be producing all documents by that time, but that the government committed to ensuring its production would be substantially complete. We assumed that at all times your efforts to produce documents responsive to the Lucent's discovery requests would be undertaken with your best efforts.

Regarding the DCAA files at the North Carolina Branch Office, Lucent's position is that reviewing the index is an accommodation to the government. Thus, by our letter dated January 10, 2008, Lucent is reserving its rights that, should Lucent decide it wants the documents produced that were not highlighted by Lucent or the government chooses to use documents out of the files that were not reviewed, the government will not argue that Lucent had its chance and refused access to them. Lucent also does not intend to relieve the government from its obligation to ensure that proper diligence has been

completed by the government in responding to Lucent's discovery requests. This is reasonable given Lucent's accommodation to the government.

Sincerely,

Thomas A. Lemmer
Corey R. Sanchez

cc: Michael D. Garson
Thomas R. Suher

DN:32135551.1